NEW YORK CENTRAL RAILROAD COMPANY ET AL. *v.* NEW YORK AND PENNSYLVANIA COMPANY.

CERTIORARI TO THE SUPREME COURT OF THE STATE OF PENNSYLVANIA.

No. 230.  Argued April 13, 14, 1926.—Decided April 26, 1926.

1. The provision of the Transportation Act, 1920, § 208a, forbidding reductions of rates during six months following termination of federal control unless approved by the Interstate Commerce Commission, was applicable to intrastate rates, was valid as so applied, and included indirect reductions through reparation orders attempted by state authority. P. 125.

2. Whether a federal right was lost by failure to comply with state procedure, is open to re-examination by this Court on review of a state court's judgment. P. 126.

3. The state court sustained on appeal an order of a commission granting reparation in clear violation of the Transportation Act. *Held* that the railroad was entitled to relief in this Court on review of the judgment, although the state court based it on the ground that the railroad waived its right by not appealing from

an earlier order, in which the commission held the rate unreasonable and announced that, upon presentation of a petition with supporting data, it would grant reparation.   P. 126.

281 Pa. 257, reversed.

CERTIORARI to a judgment of the Supreme Court of Pennsylvania which affirmed a judgment enforcing an order of reparation granted by the Public Service Commission of Pennsylvania to the respondent against the Railroad and based on alleged excess charges paid by the respondent for the transportation of coal.   Writ of error dismissed and certiorari allowed.

*Mr. Parker McCollester,* with whom *Messrs. Henry Wolf Biklé* and *Frederic D. McKenney* were on the brief, for plaintiffs in error.

*Mr. Thomas Raeburn White* for defendant in error.

MR. JUSTICE HOLMES delivered the opinion of the Court.

This is a suit brought in a court of Pennsylvania to recover the amount of alleged excess charges paid by the defendant in error for the carriage of coal in commerce within the State, and ordered by the Public Service Commission of Pennsylvania to be repaid by way of reparation.   A judgment on the order in favor of the defendant in error was affirmed by the Supreme Court of Pennsylvania.   281 Pa. 257.   The charges in question were for shipments between March 1, 1920, and September 1, 1920, the six months following the termination of federal control of the railroads.   The rates charged were those that were in effect on February 29, 1920.   By § 208(a) of the Transportation Act, 1920, (February 28, 1920, c. 91; 41 Stat. 456, 464,) prior to September 1, 1920, no such rate could be reduced unless the reduction was approved by the Interstate Commerce Commission, the six months

concerned being the period during which the United
States guaranteed certain income to the railroads by § 209.
The Interstate Commerce Commission has not approved
any reduction and therefore it is plain that the State
Commission had no authority to intermeddle with the
rates that it undertook to cut down.   It is true that regu-
lating rates and awarding reparation are different matters.
But the prohibition in the statute covers either method of
reducing the pay received by the roads.   The language
of the statute and the reasons for the enactment too
clearly apply to intrastate as well as to interstate rates, to
admit debate.   *Missouri Pacific R. R. Co.* v. *Boone,* 270
U. S. 466.   Whether the rates were right, or were wrong as
the State Court thinks, they could be changed only in one
way.

It may be that some of the questions before us would
be proper matters for a writ of error, but as the rights
asserted under the statute of the United States are more
fully open upon a writ of certiorari we shall consider the
case upon the last mentioned writ.

The State Courts were of opinion that the plaintiffs in
error had waived their rights by their failure to appeal
from a decision on an earlier complaint to the State Com-
mission in which that Commission held that a lower rate
was reasonable and stated that upon presentation of a
petition accompanied by the supporting data reparation
would be awarded for freight charges paid in excess of
the rates thus fixed.   Whether the federal rights asserted
were lost in this way is open to examination here.   *Cres-
will* v. *Grand Lodge Knights of Pythias,* 225 U. S. 246.
*Ward* v. *Love County,* 253 U. S. 17, 22.   *Davis* v. *Wech-
sler,* 263 U. S. 22, 24.

In our opinion the failure to appeal from the former
order is no bar.   We do not undertake to review the deci-
sion of the Supreme Court as to state procedure, but if
the Railroads were too late to argue their case before that

Court they are not too late to argue it here.    There was no order in the former hearing before the State Commission that the Railroads could have brought before us. This is the first moment when they have had a chance to raise what we regard as a perfectly clear point, as it is the first moment when their rights have been infringed. There now is an order which is in the teeth of the statute. It would not be reasonable to hold that they are precluded from getting the protection that this Court owes them, by their having failed to go as far as they now learn that they might have gone in a previous state proceeding which did not infringe their rights and which could not be brought here.    " The judgment under review was the only final judgment . . . from which plaintiff in error could prosecute a writ of error, and until such final judgment the case could not have been brought here for review."  *Chesapeake & Ohio Ry. Co.* v. *McCabe,* 213 U. S. 207, 214.  *Smith* v. *McCullough,* 270 U. S. 456.

*Writ of certiorari granted.*
*Writ of error dismissed.*
*Judgment reversed.*

Mr. Justice Sutherland took no part in the consideration or decision of this case.