12754

JENNINGS v. SOUTHERN RAILWAY COMPANY *ET AL.*

(150 S. E., 309)

Frank G. Tompkins, of Columbia, and Lee & Moise, of Sumter, for appellants.

D. W. Robinson, of Columbia, Frank A. Miller, of Hartsville, and A. S. Merriman, of Sumter, for respondent.

November 4, 1929.

The order of the Court was delivered by MR. JUSTICE COTHRAN.

The pending appeal in this case is from an order of his Honor, Judge Wilson, dated June 1, 1929, refusing the motion by the defendant, Southern Railway Company, for an order accepting the petition and bond for removal filed by it, and removing the cause for trial to the Federal Court. The appeal has been docketed and is ready for submission without oral argument under Rule 29 of this Court.

The Railway Company now moves this Court:

"1. That the case be suspended until the further order of this Court.

"2. Failing to obtain such an order, that this cause be declared to be one which is not covered by Rule 29 of this Court, so far as the filing of written arguments is concerned.

"3. Failing in both of the above requests, that Rule 29 so far as this case is concerned, be abrogated, and the filing of briefs be allowed in the same manner as in cases not governed by Rule 29."

Upon the authority and reasoning of the Court in *Towill v. R. Co.*, 121 S. C., 447, and the authorities cited in the dissenting opinion of the writer in *Crenshaw v. Power Company*, 124 S. C., 143, there appears to be no doubt of the

proposition that it is the right and duty of the State Court, in the first instance, to determine whether upon the face of the record, including the petition for removal, the suit appears to be a removable one; if it does not the State Court is not bound to surrender its jurisdiction and may proceed as if no application for removal had been made. The petitioner bases its right to remove the case upon the ground that the complaint states a separable cause of action against it. The circuit Judge held otherwise and the petitioner has appealed. The legal issue therefore is before the State tribunal which has the right to decide it. In the event of an affirmance by this Court of the order of the circuit Judge, the defendants after a final judgment against them would have ample remedy to correct such error if it exist, by writ of certiorari from the Supreme Court of the United States.

If the petition for removal should present an issue of fact upon which the right of removal depends, it would become the duty of the State Court to accept the petition and direct the removal to the Federal Court where only that issue can be determined; but where the right depends upon an issue of law, the removability of the cause, the State Court is entitled to pass upon it, and is not required to suspend its action until the same question shall have been decided in the Federal Court. The motion to suspend is therefore refused. We, of course, are expressing no opinion upon the correctness of Judge Wilson's order which is involved in the appeal.

We are not disposed to relax the policy announced in Rule 29 or to hold that the present appeal is not controlled by it.

The motions are refused and, the case is ordered to be submitted under the rule referred to.

MR. CHIEF JUSTICE WATTS, and MESSRS. JUSTICES BLEASE, STABLER, and CARTER concur.