12900

JENNINGS v. SOUTHERN RY. CO. *ET AL.*

(152 S. E., 821)

See, also, 152 S. C., 322, 150 S. E., 309.

*Messrs. Frank G. Tompkins* and *Lee & Moise,* for appellants,

*Messrs. Frank A. Miller, A. S. Merrimon* and *D. W. Robinson,* for respondent,

April 18, 1930.

The opinion of the Court was delivered by MR. JUSTICE STABLER.

This action was brought against the Southern Railway Company, a foreign corporation, and Tucker and Quattlebaum, citizens of this State, for damages on account of alleged slander and libel of the plaintiff by the defendants.

The complaint states two causes of action. In the first it is alleged that, on September 10, 1928, the defendant Tucker, at the request and instigation of his co-defendants, made, signed, and published in the presence of John Riddle, S. C. Cope, B. L. Martin, and J. P. Quattlebaum, and perhaps others, the following written statement prepared by the defendant Quattlebaum, which embodied, in substance, certain oral statements theretofore made by Tucker: "My name is Tom Tucker, age 18, lives at Gadsden, S. C., route 1,

Box 4. I have been working as laborer about 2 weeks. On September 1, 1928, about 10 o'clock or 10:30 a. m. I was working along the pass track about fifty feet west of where John Anderson was working. Mr. Armstrong came down that side and told us all not to get too close to the track. I did not see John Anderson get hurt, but saw him fall out and I ran to him. I cut the right pants leg to see if it was hurt, but it was not. I asked John what he was doing under the cars, and John hasn't answered yet. He didn't talk to anybody while I was there. The following Tuesday evening a lawyer came down there and told me he was on the railroad side, and he told me I had to go to Court Tuesday night at 7:30. And this lawyer told me I must say that John Anderson told us when he was lying by the side of the cars that Mr. Armstrong told him to go up under the cars to level down rock. This same lawyer was at the Court house that night. I knew that I was telling something that I did not hear, but I told it knew that John Anderson hadn't said a word in my hearing, but this lawyer told me what to say and that I must say it. I knew that I was telling something that I did not hear, but I told it because this lawyer told me I must tell it, and I thought he was a railroad lawyer, but later after the Court was over I found out that he wasn't a railroad lawyer at all. I came home and told my father, Titus Tucker, what had happened and he told me I ought not to have told this, and he told me to go and tell Mr. Armstrong the truth, and I sent Mr. Armstrong word, and the claim agents then came to see me and I told them the above, which is the truth and all that I know about it, except that we saw the train go by on the main line, but did not hear any whistle or bell. I am making this statement to get my conscience clear, as I did not feel that I was doing right by telling a story about it. This is the truth and I wanted to tell it this way, but this lawyer told me to add the other in."

It is further alleged that the foregoing statement was intended to refer to the plaintiff and to convey the idea that he,

as an attorney, had approached Tucker with a view to obtain false testimony from him and induce him to make false statements on oath before the coroner's jury and in other Courts, and that the plaintiff was "engaged in malpractice and in the crime and offense known as subornation of perjury"; and that the statements contained in the writing were false and malicious and known to the defendants to be so.

All the allegations of the first cause of action were re-alleged and incorporated by reference in the second cause, and in addition, the following allegations were made: "Further, that the said statement so prepared by defendants, Southern Railway and J. P. Quattlebaum, its employee, was furnished and presented by said Southern Railway Company and offered in evidence in open Court in Sumter, S. C., on the 28th day of March, 1929, before the Court, jury, spectators and witnesses, in the trial of the case of *Samuel Anderson, Administrator et al. v. Southern Railway et al.*, although said statement and testimony was irrelevant and incompetent, and the same was published at said time by and at the instance of said Southern Railway Company and its legal counsel willfully and maliciously and for the purpose of injuring this plaintiff. And the said defendants at said time and place, undertook to and did convey to the public there assembled the idea that plaintiff was the lawyer referred to in said paper and that plaintiff was guilty of the unprofessional and criminal conduct and practices therein referred to."

The Southern Railway Company, on June 15, 1929, within the time allowed by law, served upon the plaintiff a notice of intention to file a petition for removal of the cause to the United States District Court for the eastern district of South Carolina, and on that day did file in the office of the Clerk of Court for Sumter County a petition for removal, and a bond, executed in due form, the ground for such removal, as stated in the petition, being that the second cause of action was against the Southern Railway Company alone and con-

stituted a separable controversy as between it and the plaintiff.

On May 24, 1929, the matter was heard by his Honor, Judge Wilson, who passed an order refusing the petition. From this order, the Southern Railway Company appealed.

At the October, 1929, term of the Supreme Court, the appellant moved to suspend the appeal; and, failing in that, to be allowed to make oral argument in the case before the Court. These motions were refused, and the Court, speaking through Mr. Justice Cothran, 152 S. C., 322, 150 S. E., 309, had this to say:

"Upon the authority and reasoning of the Court in *Towill v. R. Co.,* 121 S. C., 447, 114 S. E., 416, and the authorities cited in the dissenting opinion of the writer in *Crenshaw v. Power Company,* 124 S. C., 143, 117 S. E., 364, there appears to be no doubt of the proposition that it is the right and duty of the State Court, in the first instance, to determine whether upon the face of the record, including the petition for removal, the suit appears to be a removable one; if it does not, the State Court is not bound to surrender its jurisdiction, and may proceed as if no application for removal had been made. The petitioner bases its right to remove the case upon the ground that the complaint states a separable cause of action against it. The Circuit Judge held otherwise, and the petitioner has appealed. The legal issue therefore is before the state tribunal, which has the right to decide it. In the event of an affirmance by this Court of the order of the Circuit Judge, the defendants, after a final judgment against them, would have ample remedy to correct such error if it exist, by writ of certiorari from the Supreme Court of the United States.

"If the petition for removal should present an issue of fact upon which the right of removal depends, it would become the duty of the State Court to accept the petition and direct the removal to the Federal Court where only that issue can be determined; but, where the right depends upon

an issue of law, the removability of the cause, the State Court is entitled to pass upon it, and is not required to suspend its action until the same question shall have been decided in the Federal Court." *Jennings v. Southern Railway Company et al.,* 152 S. C., 322, 150 S. E., 309.

The allegations of fact in the petition, including the allegation that the Southern Railway Company is a corporation organized under the laws of the State of Virginia, being taken as true, the legal issue presented by the appeal is: Does the complaint disclose a separable controversy between the Southern Railway Company and the plaintiff, such as will entitle the company to a removal of the case to the Federal Court?

It is conceded that if the complaint contained only the first cause of action, there would be no ground for removal of the suit, as a case of joint liability as to all the defendants is stated therein. The real controversy is directed to the second cause of action, which, as we have said, contains by reference all the allegations of the first cause, and in addition thereto the paragraph already quoted. The allegations of this paragraph are to the effect that at the trial of a certain named case in Sumter County, the alleged libelous written statement "so prepared by defendants, Southern Railway and J. P. Quattlebaum, its employee, was furnished and presented by said Southern Railway Company and offered in evidence in open Court * * * before the Court, jury, spectators and witnesses * * * and the same was published at said time by and at the instance of said Southern Railway Company and its legal counsel. * * * And the said defendants at said time and place, undertook to and did convey to the public there assembled the idea that plaintiff was the lawyer referred to in said paper and that plaintiff was guilty of the unprofessional and criminal conduct and practices therein referred to."

The contention of the appellant is that the allegations of this paragraph set out a separate and distinct publication, by

the defendant Southern Railway Company alone, of the alleged libel, and state a separable controversy as between it and the plaintiff; and that a separate suit might have been brought thereon in which complete relief could be afforded without the presence of the other defendants in the case, and which would be a controversy wholly between citizens of different states. The respondent answers that, under the state law, the complaint, as to each cause of action, states a case of joint and concurrent liability as to all the defendants, and that there is no separable controversy stated between the plaintiff and the Southern Railway Company, as contended by that defendant.

The general rule is that every separate and distinct publication of a libelous matter constitutes a distinct offense for which a separate action will lie. While it is not always an easy matter to determine what amounts to a distinct publication within the meaning of the rule, no such difficulty confronts us in this case. It is clear that the complaint alleges as many as two distinct and separate publications, namely, one as set out in the first cause of action, concededly the joint publication of all the defendants, and another as set out in paragraph 2 of the second cause. It is alleged in this paragraph that publication of the written statement was made by and at the instance of the Southern Railway Company at the trial of the case referred to; but the respondent contends that the further allegation in the same paragraph, that "said defendants at said time and place, undertook to and did convey to the public there assembled the idea" that the plaintiff was the lawyer referred to and was guilty of the conduct described in the paper, when taken with the other allegations of the Paragraph, sets out a joint and concurrent publication by all the defendants.

We think, however, that the specific allegation, that such alleged libelous matter was furnished, introduced in evidence, and published at the trial of the case mentioned "by and at the instance of the said Southern

Railway Company," clearly and unquestionably makes that publication a separate and distinct one by the Southern Railway Company, a foreign corporation; and that, therefore, the second cause of action states a separable controversy as between the company and the plaintiff, such as will entitle the company to the removal of the case to the Federal Court. The respondent's contention, that the further allegation that "said defendants at said time and place, undertook to and did convey," etc., has the effect of setting out a joint and concurrent publication by all the defendants, is not sound, for the reason that this allegation, though construed with the other allegations, is not sufficient to charge the defendants, other than the railway company, with participating in the publication of the written statement, by furnishing it and introducing it in evidence at the trial.

The judgment of this Court is that the order appealed from be reversed.

MR. CHIEF JUSTICE WATTS and MESSRS. JUSTICES COTHRAN, BLEASE and CARTER concur.