## JENNINGS v. SOUTHERN RY. CO. et al.

District Court, E. D. South Carolina.
May 8, 1930.

D. W. Robinson, of Columbia, S. C., for plaintiff.

Davis Moise, of Sumter, S. C., and Frank Tompkins, of Columbia, S. ·C., for defendants.

GLENN, District Judge.

This action was instituted in the court of common pleas for Sumter county, and, in accordance with the federal statutes applicable, it was removed into this court by a petition of the defendant, Southern Railway Company.

The complaint states two causes of action, the first of which alleges in substance that the defendants prepared, and at the time of the preparation published in the presence of John Riddle, S. C. Cope, B. L. Martin, and J. R. Quattlebaum, a certain statement, which was signed and executed by one of the defendants, Tucker, and prepared or written by another of the defendants, Quattlebaum, which statement is set out in the complaint. It alleged further that the said publication was made at the said time and place and was further transmitted to and circulated among other employees of the defendant, Southern Railway Company, and was delivered to and left with the said railway and its attorneys. It is further alleged therein that the defendants in and by said statement intended to convey the idea that the plaintiff herein, as attorney, had approached the said defendant Tucker, with a view to obtaining testimony from him, and with a view of obtaining false testimony and inducing the said Tom Tucker to make false statements on oath before a coroner's jury; in short the defendants are charged with saying that the plaintiff was engaged in malpractice and the criminal offense known as subornation of perjury, and that the said statement conveyed the impression to those who read and heard it read. It is further alleged in this cause of action that the statement and the insinuations and inferences meant to be conveyed thereby, and to

be drawn therefrom, were false, libelous, and malicious and that the plaintiff had been guilty of none of the transgressions which were alleged in the said affidavit.

The second cause of action, in the first and third paragraphs, sets out that the plaintiff realleges the allegations contained in paragraphs one to six and seven to ten inclusive, of the first cause of action, as if they were again written in the second cause of action. In paragraph two of the second cause of action, the complaint alleges that the said statement, so prepared by the defendants, Southern Railway Company and J. R. Quattlebaum, was furnished and presented by the said Southern Railway Company, and offered in evidence in open court in the trial of the case of Samuel Anderson, Administrator et al. v. Southern Railway Company et al., although said statement and testimony was irrelevant and incompetent, and that the same was published at said time by and "at the instance of said Southern Railway company and *its legal counsel*," willfully, maliciously, and for the purpose of injuring the plaintiff, and that the "said defendants" at said time and place undertook to and did convey the idea that the plaintiff was the person referred to in said paper, and that the plaintiff was guilty of the unprofessional and criminal practices therein mentioned.

The petition of the ·defendant, Southern Railway Company, for removal of this cause to the United States District Court, alleges that the cause of action which is set out and numbered as the second cause of action, constitutes a controversy which is wholly between the defendant, Southern Railway Company, and the plaintiff, and wholly distinct from the controversy between the plaintiff and the defendants, Quattlebaum, Tucker, and Southern Railway Company.

A motion to remand the case to the state court was made on the ground that there was no separable controversy. There was ·no traverse of the allegations of the petition. The matter was taken under advisement and we now file our opinion and order based thereon. Motions to remand are generally full of close points and difficulties, but to our mind the correct decision in this case is plain. An order refusing a remand will follow if either one of the causes of action shall be against the nonresident defendant solely. Hyde v. Ruble, 104 U. S. 409, 26 L. Ed. 824; Ayres v. Wiswall, 112 U. S. 187, 5 S. Ct. 90, 28 L. Ed. 693; Geer v. Mathieson Alkali Works, 190 U. S. 428, 23 S. Ct. 807, 47 L. Ed. 1122.

The question then arises as to whether this complaint states a cause of action against the Southern Railway Company independently of the other named defendants, and, in this connection, it has been held by the United States Supreme Court that the federal court, in deciding such a matter, shall be controlled by the law on the subject of the cause of action as interpreted by the highest appellate court of the state in which such a question arises. Stone v. South Carolina, 117 U. S. 430, 6 S. Ct. 799, 29 L. Ed. 962. These decisions in turn are to be construed in each particular case by the federal court to which the case may have been removed. Chesapeake & O. R. Co. v. McCabe, 213 U. S. 207, 29 S. Ct. 430, 53 L. Ed. 765; 18 Stat. 472, c. 137; 28 USCA § 82; Kern v. Huidekoper, 103 U. S. 485, 26 L. Ed. 354; Madisonville Traction Co. v. St. Bernard Min. Co., 196 U. S. 239, 25 S. Ct. 251, 49 L. Ed. 462; Bolen-Darnell Coal Co. v. Robert Kirk, 25 Okl. 273, 106 P. 813, 26 L. R. A. (N. S.) 270; Wells Fargo & Co. v. Taylor, 254 U. S. 175, at page 183, 41 S. Ct. 93, 65 L. Ed. 205; Georgia Railway & Power Co. v. Decatur, 262 U. S. 437, 43 S. Ct. 613, 67 L. Ed. 1073; N. Y. Central R. Co. v. N. Y. & P. Co., 271 U. S. 124, 46 S. Ct. 447, 70 L. Ed. 865; Swift & Co. v. U. S., 276 U. S. 311, 48 S. Ct. 311, 72 L. Ed. 587.

Fortunately we are not left to conjecture or to our own reasoning as to the view which the South Carolina Supreme Court *would* take of this complaint. We have before us the view which that learned court *has* taken. 152 S. E. 821, 822. This came about in the following way:

"The Southern Railway Company [defendant], on June 15, 1929, within the time allowed by law, served upon the plaintiff a notice of intention to file a petition for removal of the cause to the United States District Court for the Eastern District of South Carolina, and on that day did file in the office of the clerk of court for Sumter county a petition for removal, and a bond, executed in due form, the ground for such removal, as stated in the petition, being that the second cause of action was against the Southern Railway Company alone and constituted a separable controversy as between it and the plaintiff.

"On May 24, 1929, the matter was heard by his honor, Judge Wilson, who passed an order refusing the petition. From this order, the Southern Railway Company appealed."

The appeal was pending when this motion to remand was presented to this court. While this court was engaged in trials, the Supreme Court of South Carolina has heard the appeal and filed its opinion. This opinion holds substantially that the second cause of action states a separable controversy. This means therefore that the case as a whole is removable. The legal question presented by the appeal was a question of construction of pleadings, one on which the opinion of the state Supreme Court would be controlling. But, in addition thereto, we have the satisfaction of stating that the views of that court are in accord with our own ideas of the law. We refer to the opinion of that court (152 S. E. 821) as published. MMS. Westbrook's Service, April 18, 1930. We can add nothing to what the South Carolina Supreme Court has already said. Much was made in argument of the fact that the paragraph two of the second cause of action contains the following allegations: "And the said defendants at said time and place, undertook to and did convey to the public there assembled the idea that plaintiff was the lawyer referred to in said paper and that plaintiff was guilty of the unprofessional and criminal conduct and practices therein referred to."

The contention is that the very use of the plural, "defendants" must cause the allegations to be, when taken with the other allegations of the paragraph, viewed as alleging a joint and concurrent publication by all the defendants.

The South Carolina Supreme Court has held otherwise. We hold otherwise and point out that in construing the pleading we go to the "essence of the cause of action."

As is so well stated by Judge Woolsey, Southern District of New York, in the case of Genuine Panama Hat Works v. Webb (D. C.) 36 F.(2d) at page 265, 267: "But recriminatory words sounding in tort, * * * however oft-repeated, cannot change the structural essence of a cause of action. On a motion of this kind, I am entitled to look at the real situation which exists, in spite of allegations by the plaintiff of conclusions which are not supported by the underlying facts as shown in the papers before me. Otherwise the right to remove a case to the United States court would be illusory. Scherrer v. Foster (D. C.) 5 F.(2d) 236, 237; Gustafson v. Chicago, R. I. & P. Ry. Co. et al. (C. C.) 128 F. 85, 88."

It is therefore ordered that the said motion to remand be, and the same is hereby, refused.