**JOHNSON v. GREAT ATLANTIC &
PACIFIC TEA CO. et al.**

**No. 2774.**

District Court, W. D. South Carolina,
at Spartanburg.

Nov. 29, 1938.

W. E. Bowen, of Greenville, S. C., and
Donald Russell, of Spartanburg, S. C., for
plaintiff.

Osborne, Butler & Moore, of Spartan-
burg, S. C., for defendant.

WYCHE, District Judge.

This action was instituted in the court
of common pleas for Spartanburg County,
South Carolina, from whence it was re-
moved by the Great Atlantic and Pacific Tea
Company, nonresident defendant, to this
court upon the ground of separable con-
troversy. The matter is now before me
upon motion of the plaintiff to remand the
case to the state court.

The complaint alleges that the resident
defendant, John Keller, was in the employ
of the non-resident defendant as manager
of one of its stores in the City of Spar-
tanburg; that Shivar Springs, Inc., wrote
a libelous letter, the contents of which it
is not necessary to quote, to the defendant
corporation at Charlotte, North Carolina;
that the defendant, the Great Atlantic and
Pacific Tea Company, upon receipt of the
libelous letter from Shivar Springs, Inc.,
"forwarded same through the United States
mail to its agents and servants in the City
of Spartanburg where it was published by
them; that the defendant, John Keller,
as manager of the said Union Street Store,
and as agent and servant of the defendant
corporation and acting in the scope of his

authority as such, and about the business of his master, The Great Atlantic and Pacific Tea Company, exhibited and published said letter to the other employees, agents and servants of the defendant, The Great Atlantic and Pacific Tea Company, and to members of the public who read and inspected same"; that the defendants in uttering and publishing such libelous letter aforesaid, intended to and did charge the plaintiff with a crime under the laws of South Carolina, and asks judgment in the sum of $25,000.

It is well settled that each separate publication of a libel constitutes a separate cause of action. Jennings v. Southern Railway Co., 156 S.C. 92, 152 S.E. 821; Id., D.C., 40 F.2d 951; Boling v. Clinton Cotton Mills, 163 S.C. 13, 161 S.E. 195.

It is likewise well settled in this state that the mere jumbling of several causes of action in one complaint without separately stating them would not affect the question of removability, if there is a separate controversy stated against the non-resident defendant. The complaint says that the letter after having been received by the Charlotte office of the non-resident defendant was sent through the United States mail to its agents and servants in the City of Spartanburg. With this mailing, or responsibility therefor, the resident defendant Keller is not alleged to have been connected. It is alleged that the corporation itself mailed the letter, and the charge that it was mailed is sufficient to raise a presumption of its receipt by the person or persons to whom it was sent, that is, its agents and servants in the City of Spartanburg. Weathers v. Sovereign Camp, W.O.W., 119 S.C. 402, 112 S.E. 44; Burbage v. Jefferson Standard Life Insurance Company, 138 S.C. 208, 136 S.E. 230.

But the complaint in this case after having alleged the mailing of the letter to its agents and servants in Spartanburg proceeds to allege that these agents published the letter at Spartanburg. These allegations all precede, and are distinct and separate from those involving the alleged publications by the resident defendant Keller, manager of the defendant corporation. It is not alleged that the letter was sent to the defendant corporation's agent Keller at Spartanburg where it was published by him, but rather that it was sent to other and different agents at Spar-

tanburg "where it was published by them". Each separate publication being a separate cause of action, the publications by the agents in Spartanburg who received the letter present as many different causes of action as there were publications. It is, however, contended by the plaintiff that it is not alleged in the complaint that such agents to whom the letter was sent were acting within the scope of their employment when they made the alleged publications. It is true that before a principal may be held liable for the acts of his agent in publishing a slander or libel, that the agent must have been at the time acting within the actual scope of his authority. Courtney v. American Railway Express Company, 120 S.C. 511, 113 S.E. 332, 24 A.L.R. 128.

The reasonable inference to be drawn from the complaint in this case, however, is that the letter was sent from Charlotte to Spartanburg to representatives here of the defendant corporation and was sent to them as agents and published by them as such. It may be that the plaintiff cannot prove that such publications were within the actual scope of these agents' authority; it may be that the defendant corporation may be able to show that such publications were not within the scope of their authority. This would be a matter of proof with which I am not now concerned.

Plaintiff further contends that certain of the allegations of paragraph 4 constitute typographical or clerical errors; that the allegation that the corporation mailed the letter to "its agents and servants in the City of Spartanburg where it was published by them", should be read in the singular, that is, that the corporation mailed the letter to its agent and servant, John Keller, in the City of Spartanburg, where it was published by him. I do not think I would be justified in so construing the complaint. It is a well settled principle that in determining questions of removability, the pleadings must be taken upon their face, as existing at the time the record for removal is filed in the United States Court. Of course, if no other reasonable inference can be drawn from the face of the complaint than that it contains a typographical or clerical error, then the court would be justified in construing it, as it appears upon its face it should be construed, even though that might require a change in the verbiage. This rule does not, however, permit a reformation of the

pleading directly contrary to the actual language of the pleader and the rule may be invoked only where no other reasonable inference can be drawn but that there is such an error.

■ In this case, the allegations with respect to the mailing and publication by the "agents and servants in Spartanburg" precedes and is disconnected from the subsequent allegations and subsequent acts relating to the defendant Keller. The effect of what the plaintiff alleges is that the corporation received the letter from Shivar Springs in Charlotte and that then it sent the letter to its agents and servants in Spartanburg where it was published by them. Then after having made these allegations, the pleader separates them from the subsequent ones by a semicolon and then proceeds to allege as an entirely separate and subsequent matter the publications by the defendant Keller. If it had been intended by the pleader to allege that the "agents and servants" in Spartanburg to whom the letter was sent was really the "agent and servant, John Keller," he could have alleged that the defendant corporation, upon receipt of the letter, mailed it to its agent and servant, John Keller, in the City of Spartanburg, where he, as manager of the Union Street store, and as agent and servant of the defendant corporation, and acting in the scope of his authority as such, and about the business of his master, exhibited and published said letter. The allegations as they actually exist involve a contention that the mailing from Charlotte was to agents and servants other than Keller, or at least included agents and servants other than Keller, and that the words "where it was published by them" relate to alleged publications by agents other than, or at least included other agents than the defendant Keller, and a fair construction of the complaint is that the matters involving these other agents and servants preceded and was separate and distinct from the subsequent alleged publications by Keller. It may be that the pleader intended, in drawing the complaint, to draft it so as to refer only to the defendant Keller, but it cannot be said, in the light of the allegations of the complaint, and the arrangement of these allegations, that that has been done, nor can it be said that the only reasonable inference to be drawn is that typographical or clerical error has been made. Taking the pleadings as they stand there are allegations involving other publications than those attributed to the resident defendant, and for the reasons stated, there is a separable controversy justifying a removal to this court, and diversity of citizenship and jurisdictional amount appearing, counsel may submit an appropriate order in accordance with this conclusion.