### SOUTHERN STATES OIL CO. v. STANDARD OIL CO. OF NEW JERSEY et al.
#### No. 4162.

District Court, E. D. South Carolina.
Feb. 25, 1939.

Jno. P. Grace, J. D. E. Meyer, M. L. Mc-Crae, and J. C. Long, all of Charleston, S. C., for plaintiff.

Buist & Buist, Legge & Gibbs, Jno. I. Cosgrove, A. T. Smythe, Stoney, Crosland & Pritchard, Geo. E. Grimball, and Rob: McC. Figg, Jr., all of Charleston, S. C., Benet, Shand & McGowan, of Columbia, S. C., and Geo. D. Levy, of Sumter, S. C., for defendants.

MYERS, District Judge.

This matter comes before me upon the plaintiff's motion to dismiss this action for want of jurisdiction to hear and determine the same. The ground upon which the motion is based is the contention that the State court was without jurisdiction of the cause, and therefore that, after removal, this court is without jurisdiction. The motion is based upon the wording of the complaint, and to a construction of that wording the arguments of counsel for both sides have been addressed.

The plaintiff, in filing the notice of this motion, attached thereto a statement of the motion including the citation of a number of authorities, that the court has carefully considered. The authorities all go to support two propositions of law, that may be stated thus:

1. The jurisdiction of the Federal Court in removal is, in a limited sense, a derivative jurisdiction. If the State Court lacks jurisdiction of the subject-matter or of the parties, the Federal Court acquires none, although it might in a like suit originally brought there have had jurisdiction.

2. An action based solely upon the Federal Anti-Trust Statute is wholly statutory and can be brought only in a District Court of the United States, and not in a State Court.

The authorities cited by the plaintiff in support of the motion are: Lambert Run Coal Company v. Baltimore & Ohio R. Co., 258 U.S. 377, 42 S.Ct. 349, 66 L.Ed. 671; New York Central R. Co. v. New York & P. R. Co., 271 U.S. 124, 46 S.Ct. 447, 70 L.Ed. 865; American Well Works v. Layne & Bowler Co., 241 U.S. 257, 36 S.Ct. 585, 60 L.Ed. 987; General Investment Company v. Lake Shore, etc., Co., 260 U.S. 261, 43 S.Ct. 106, 67 L.Ed. 244; Simkins Fed. Practice, 3rd Ed., pages 732 and 784.

These authorities amply support the foregoing propositions of law, and there are numerous other cases to the same effect, and the propositions are accepted by this court as sound law.

The plaintiff's difficulties in urging its motion arise in the application of these principles of law to the instant case.

The plaintiff argues that because this court, on considering the plaintiff's motion to remand, came to the conclusion that a Federal question, one or more, was involved in the case, and further, that one or more questions arise under the Federal Anti-Trust statutes, 15 U.S.C.A. § 1 et seq., it follows that for the purposes of the pending motion it is the law of this case that while the same was pending in the State court, the complaint was so fatally defective that there was "no action pending in that court". No authorities are offered in support of this position, and with the line of reasoning the court does not find itself in accord.

There is a very great difference between a case that is brought solely for violation of the Federal Anti-Trust statutes, that seeks the relief therein given, and that is dependent for its maintenance upon the existence of the said statutes, and a case in which a question under the statute is merely involved with other questions arising under the common law, or arising otherwise. Examples of cases in which common law rights are asserted, but that also incidentally involve the Federal Anti-Trust statutes, are to be found in Guiterman v. Pennsylvania R. Co., D.C., 48 F.2d 851, and Hand v. Kansas City, etc., Co., D.C., 55 F.2d 712.

The principles of pleading under the South Carolina statutes are such that it is permissible to intertwine, in stating a cause of action, various rights claimed by the plaintiff, arising under different sets of facts and different principles and sources of law. In the complaint now before the court for interpretation, the plaintiff has taken full advantage of this well recognized method of pleading. This court has previously found, in its order on the plaintiff's motion to remand, that there is involved in the case a real and substantial controversy under a Federal statute, and perhaps several such controversies, in the decision of which it will become necessary to interpret and apply the Federal statutes. The court did not find, and could not with any degree of logic find, that the entire complaint in all its aspects has resolved itself into an assertion of a Federal right. The plaintiff himself in this motion to dismiss, now comes before the court and says: "This action * * *

charges a common law conspiracy by and between the defendants, cooperating and combining to injure and damage plaintiff's business, etc."

That is one view of the complaint, when it is considered without reference to those parts thereof that charge a violation of the Federal statutes. There are also intertwined in the complaint numerous allegations that one Vacarelli slandered the plaintiff, and that in so doing Vacarelli was acting as an agent of the defendants, or some of them. There also appear in the complaint allegations to the effect that the defendant Wingate slandered the plaintiff, and that by so doing, not only he personally became liable, but, because of his acting in behalf of some or all of his codefendants, the liability reaches back to them. There are allegations in the complaint of wrongful interference with the plaintiff's effort to contract for the acquisition or construction of service stations at various points in South Carolina. There is included in the complaint an allegation that the defendants unlawfully attempted to prevent the plaintiff from selling Quaker State oil, the exact details of this unlawful action not being given. All of these assertions of rights and of violation of those rights are embraced in the statement of one cause of action and all must be construed as integral parts of one cause.

It is a further principle of pleading and practice in South Carolina that if any part of a statement of a cause of action be good, the complaint will not be dismissed. The remedy under the State practice, against a pleading that is not valid, is by demurrer, whether the defect go to the jurisdiction of the court or to the failure of the complaint to state facts sufficient to constitute a cause of action. It is, however, a firm principle of the law of the State that a demurrer must run to the entire cause of action and that if anything valid be found in the statement of the cause, the demurrer will not be sustained. The principle of law that the demurrer must run to the entire cause of action is stated in the case of Coral Gables v. Palmetto Brick Co., 183 S.C. 478, 191 S.E. 337, 339, thus: "A demurrer to a complaint cannot be sustained if any portion of it, or if to any extent, it presents facts sufficient to constitute a cause of action, or if facts for that purpose can be fairly gathered from it, however inartificially it may have been drawn, or however uncertain, defective, or imperfect may be its statements."

It is obvious that a study of the allegations of the complaint can lead to but one conclusion, and that is, that if the matter of the jurisdiction of the State court over the cause had come on for consideration before the State court, and if the State court had eliminated from its consideration all reference to Federal statutes and Federal questions, there would still remain in the complaint matter that, under the State system of pleading and practice, was sufficient to invoke the jurisdiction of that court. It was not a demurrable complaint.

The weakness of the plaintiff's motion to dismiss for lack of jurisdiction lies, not in the fundamental propositions of law, which its cited authorities support, but on the applicability of those principles to the cause of action now before the court. The plaintiff is now here contending that this court's refusal to remand because of Federal questions held to be raised by its pleadings, is in effect a ruling that the complaint was so fatally defective that it did not invoke the jurisdiction of the State court. This court, however, is compelled to the conclusion that the plaintiff's complaint is not so fatally defective, viewed from the angle of the State practice or as a result of this court's retaining jurisdiction under the Removal Statute for the reasons stated in its order. The matter under consideration is the complaint in this cause, and the court is not prepared to determine at this time whether the allegations contained therein of violation of Federal statutes were essential to what it asserts to be a charge of a common law conspiracy by and between the defendants, cooperating and combining to injure and damage plaintiff's business, etc.; or whether a dismissal upon its present motion would permit the bringing of a new cause under its theory of common law conspiracy in the State court by pleadings in which the Federal questions might be avoided. Should this court adopt plaintiff's view, and the suggested course be followed, the jurisdiction of the State court would be beyond question. Such a course would not promote the ends of justice better than by an adjudication of the controversy to a conclusion in the case now pending; and, even if it were so, the judgment and discretion of this court with regard to the pending motions should not be affected thereby.

Therefore, the court concludes that the State court did have jurisdiction of this cause of action, and that being so, this court has jurisdiction, and the plaintiff's motion to dismiss for want of jurisdiction must be, and is hereby, denied.