Floyd M. CARAWAY, Plaintiff,

v.

FORD MOTOR COMPANY, a Corporation, Rudy Frick and Berl Berry, Defendants.

No. 10655.

United States District Court
W. D. Missouri, W. D.

Feb. 27, 1957.

Robert L. Jackson, George V. Aylward, Kansas City, Mo., for plaintiff.

Lathrop, Righter, Blackwell, Gordon & Parker, Kuraner, Freeman, Kuraner & Oberlander, Kansas City, Mo., for defendants.

R. JASPER SMITH, District Judge.

Plaintiff's motion to remand and defendants' motion to dismiss are before me for ruling. I dealt with this case earlier under similar circumstances, rendering my decision then in Caraway v. Ford Motor Co., D.C., 144 F.Supp. 295. That opinion provides background for this question, and reveals in detail the procedural steps leading up to my decision where I dismissed without prejudice that part of plaintiff's complaint based on alleged violations of the Sherman Anti-Trust Act, 15 U.S.C.A. §§ 1–7, 15 note, and the Clayton Act, 15 U.S.C.A. § 12 et seq., and remanded to the state court the remainder of the complaint which sought redress for fraudulent misrepresentation.

Thereafter, plaintiff filed an amended complaint in the state court, supplementing his count for fraudulent misrepresentation with an additional count for common-law conspiracy. Again the action was removed here upon the petition of defendants, on the ground that the controversy involved a substantial federal question, specifically, redress for violations of the Sherman and Clayton Acts.

Defendants now move to dismiss the complaint. Plaintiff counters with a motion to remand to the state court.

The critical question involved is whether the state court has jurisdiction of the subject matter of this action. Plaintiff argues that his complaint asserts an actionable common-law conspiracy. Defendants claim that it purports to allege an action arising under the anti-trust laws of which federal courts have exclusive jurisdiction. I must decide, concerning the alleged conspiracy, whether plaintiff may sue under the state common law in a state court, or whether his exclusive remedy is under the Sherman and Clayton Acts in the federal courts.

Nothing is found in the federal anti-trust statutes expressly or impliedly providing exclusive jurisdiction in federal courts respecting violations of individual, private rights. The statutes provide only two civil remedies, i. e., injunctive relief against a threatened or continued violation of the Acts, or treble damages in an action at law. These remedies are not available to plaintiff in a state court action because they are cognizable in federal courts exclusively, and the state court has no jurisdiction to give relief thereon. But these provisions relate to remedies. It is unreasonable to maintain that the anti-trust statutes were intended to exclude persons who had common-law rights, arising from something also forbidden or declared to be unlawful by the acts, from pursuing their remedies in a proper jurisdiction.

There is considerable diversity of theory of recovery between a case that is commenced solely for redress of violation of the federal anti-trust laws, and is dependent for its sustention upon the existence of the remedies prescribed in those laws, and a case in which the injured party merely attempts to assert violations of his common-law rights, which may also be protected by federal legislation. The fact that a violation of common-law rights may also be a violation of a federal statute does not deprive a state court of jurisdiction unless Congress conferred exclusive jurisdiction on the federal courts as to all rights and remedies in respect thereto. I find no Congressional intent or expression to such an effect here.

A person who has been injured in his trade or business by the activities of an unlawful monopoly, combination or restraint is entitled to recover damages in an action at law for the loss suffered, recovery being sustainable both at common law and under the federal anti-trust statutes. Southern States Oil Co. v. Standard Oil Co. of New Jersey, D.C., 26 F.Supp. 633; Hand v. Kansas

City Southern Ry. Co., D.C., 55 F.2d 712; and Guiterman v. Pennsylvania R. Co., D.C., 48 F.2d 851.

 Plaintiff's new cause of action predicated upon a theory of common-law conspiracy in the state court by pleadings which avoid reference to the federal anti-trust statutes place the jurisdiction of the state court beyond question. Thus, having eliminated any possibility of federal question jurisdiction, and observing the lack of diversity of citizenship between the parties, I must sustain plaintiff's motion and remand this case to the court from whence it was removed, the Circuit Court of Jackson County, at Kansas City.

This ruling also disposes of defendants' motion to dismiss, and necessarily requires the denial of that motion without prejudice. It is so ordered.