52 F.3d 321
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 Ethel G. LONG, Plaintiff-Appellant,
v.
Shirley S. CHATER, Commissioner of Social Security,
Defendant-Appellee.
 No. 94-2343.
 United States Court of Appeals, Fourth Circuit.
 Submitted: March 21, 1995.
Decided: April 21, 1995.
 
 Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Graham C. Mullen, District Judge. (CA-94-38-3-MU)
 George L. Fitzgerald, Charlotte, NC, for Appellant. Mark T. Calloway, United States Attorney, James M. Sullivan, Assistant United States Attorney, Charlotte, NC, for Appellee.
 W.D.N.C.
 AFFIRMED.
 Before MURNAGHAN and MICHAEL, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Appellant, Ethel Long, appeals the district court's order dismissing her claim seeking review of the Secretary of Health and Human Services' (Secretary) decision not to reopen a prior denial of disabled widow's insurance benefits for lack of subject matter jurisdiction. Finding no error, we affirm.
 
 
 2
 * Long first sought disabled widow's insurance benefits in 1985. Her application was denied because she failed to submit evidence that she was married to the decedent for a period of not less than ten years as required by the regulations. See 20 C.F.R. Sec. 404.336(a)(2) (1994). Long did not seek administrative or judicial review of the Secretary's denial. Long applied for disabled widow's insurance benefits again in 1991. This time, Long submitted a divorce certificate and a deed to property, which taken together established her marriage to the decedent for a duration in excess of ten years. Long was awarded benefits effective in 1991.
 
 
 3
 Long appealed the Secretary's decision and requested that she be awarded payments retroactive to 1985, when she first applied for benefits. The ALJ conducted a hearing and determined that Long did not satisfy any of the regulatory prerequisites to permit a reopening of the Secretary's earlier denial of benefits. The ALJ also concluded that, contrary to Long's representations, she was mentally competent in 1985 to have sought administrative and judicial review of her denied claim. Accordingly, the ALJ denied Long's request to reopen that denial. Long's subsequent request for review was denied by the Appeals Council.
 
 
 4
 Long then filed this civil action seeking review of the Secretary's decision denying her request to reopen the 1985 denial of benefits.
 
 
 5
 The district court adopted the magistrate judge's report and recommendation to dismiss Long's complaint for lack of subject matter jurisdiction, and Long timely appealed.
 
 II
 
 6
 Federal courts have jurisdiction only over the Secretary's final decisions. 42 U.S.C.A. Sec. 405(g) (West Supp.1994). A denial of a request to reopen a prior final determination is not, in and of itself, a final decision of the Secretary within the meaning of Sec. 405(g). Califano v. Sanders, 430 U.S. 99, 108 (1977); Young v. Bowen, 858 F.2d 951, 954 (4th Cir.1988). Hence, the Secretary's decision not to reopen a previously denied claim is not subject to federal judicial review unless that denial independently impaired a constitutional right. Young, 858 F.2d at 954.
 
 
 7
 We find that the district court correctly dismissed Long's complaint for lack of subject matter jurisdiction. The Secretary's denial of her request to reopen a prior denied claim is plainly not subject to judicial review. To the extent Long argues that the Secretary's denial violated her due process rights, we find this contention without merit because the Secretary satisfied the requirements of the Due Process Clause by conducting a supplemental hearing and making findings concerning Long's mental capacity in 1985. See Young, 858 F.2d at 955 (citing Shrader v. Harris, 631 F.2d 297, 302-03 (4th Cir.1980)).
 
 
 8
 We accordingly affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED