78 F.3d 597
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Richard DEVEREAUX, Plaintiff-Appellant,
v.
Shirley S. CHATER, Commissioner, Social Security
Administration,[1] Defendant-Appellee.
 No. 95-1196.
 United States Court of Appeals, Tenth Circuit.
 March 7, 1996.
 
 Before BRORBY, HOLLOWAY, and HENRY, Circuit Judges.
 
 ORDER AND JUDGMENT[2]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R.App. P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Claimant Richard Devereaux appeals from the partial denial of his application for Social Security disability insurance benefits. He claims essentially that the Secretary of Health and Human Services should have reopened his 1975 application for benefits. The district court dismissed the case for lack of subject matter jurisdiction. We affirm.
 
 I.
 
 3
 Mr. Devereaux applied for benefits in July 1992, claiming disability since January 1977. After denial initially and on reconsideration, he requested a hearing before an administrative law judge (ALJ). Prior to the hearing Mr. Devereaux amended his claimed onset date of disability to June 1972 and moved to reopen an application for benefits he had filed in 1975.[3] The 1975 application had been denied initially and on reconsideration. The notice of the denial on reconsideration told Mr. Devereaux that if he believed the denial was incorrect, he had to request a hearing before an ALJ within six months. However, prior to his motion for reopening, Mr. Devereaux had not sought further review of the denial of the 1975 application.
 
 
 4
 The ALJ found that [f]rom the date of his first [grand mal] seizure, June 4, 1972, to the present, the claimant's back pain, the sedating effect of his medications, and his depression, combined to preclude competitive work activity at a substantial gainful activity level on a regular and sustained basis. The claimant's impairments have resulted in impaired stamina, postural restrictions, impaired mental alertness and concentration, and fatigue.
 
 
 5
 Appellant's Supp.App. at 543. Because she determined that Mr. Devereaux had earnings in amounts evidencing he engaged in substantial gainful activity in 1973 and 1976, the ALJ found that he "was disabled within the meaning of the Social Security Act and Regulations from September 19, 1973, through December 31, 1975; and he was again disabled beginning January 1, 1977." Id. at 546-47. Mr. Devereaux's disability insurance expired in December 1979. Thus, while the ALJ found him disabled under the 1992 application, he was entitled to benefits beginning only one year before the 1992 application. 20 C.F.R. 404.621(a)(1)(i). The ALJ considered Mr. Devereaux's argument that the 1975 application should be reopened pursuant to Social Security Ruling 91-5p, regarding mental incapacity and good cause for missing the deadline to request review. She rejected this argument:
 
 
 6
 I am persuaded that the claimant, although he had been disabled from employment since 1973, had the competence and capacity, both mentally and physically, to request a hearing, after his 1975 application was denied in October 1975. The evidence taken as a whole does not support a finding that he lacked the mental or physical capacity to request a hearing. His 1975 application is therefore not reopened.
 
 
 7
 Appellant's Supp.App. at 546. The Appeals Council denied Mr. Devereaux's request for review of the ALJ's decision not to reopen the 1975 application.
 
 
 8
 Mr. Devereaux then filed this action in the district court contending that the Secretary erred in not reopening the 1975 application. The court determined that it did not have subject matter jurisdiction to review the Secretary's decision not to reopen the 1975 application, that Mr. Devereaux had not raised any colorable constitutional issues, and that he was not entitled to mandamus relief. The court therefore dismissed the case. This appeal followed.
 
 
 9
 Mr. Devereaux's arguments on appeal revolve around his contention that the reason he did not further pursue his 1975 application at the time it was denied on reconsideration was that he was too mentally impaired at that time to further administer his disability claim. He therefore contends that the district court erred in concluding that he had not raised a colorable constitutional claim of violation of due process by the Secretary's refusal to reopen the 1975 application. He also contends that the Secretary reopened the 1975 claim de facto when the ALJ considered evidence of his disability prior to 1975 and in fact found him disabled beginning in September 1973. He also asserts additional reasons why the Secretary should have reopened the 1975 application. Finally, he contends that the Secretary should have considered new evidence regarding the 1975 application and that the district court erred by not exercising its mandamus power to order the Secretary to consider it.
 
 II.
 
 10
 We turn first to Mr. Devereaux's argument regarding the Secretary's refusal to reopen his 1975 application. Generally, federal courts do not have jurisdiction to review refusals by the Secretary to reopen claims for disability benefits. Califano v. Sanders, 430 U.S. 99, 107-09 (1977); Brown v. Sullivan, 912 F.2d 1194, 1196 (10th Cir.1990); White v. Schweiker, 725 F.2d 91, 93-94 (10th Cir.1984). "The Secretary's decision not to reopen a previously adjudicated claim for benefits is discretionary and, therefore, is not a final decision reviewable under 42 U.S.C. 405(g)." Brown, 912 F.2d at 1196.
 
 
 11
 We therefore reject Mr. Devereaux's arguments that the Secretary should have reopened the 1975 application because there must have been an error on the face of the evidence or legal error in 1975 since the ALJ here found him disabled from 1973 to 1975. These arguments do not raise constitutional issues.[4]
 
 
 12
 Mr. Devereaux contends that the Secretary's consideration of medical evidence and work activity prior to 1975 and her finding that he was in fact disabled beginning in 1973 constitute a de facto reopening of the earlier claim. We have recognized an exception to the general rule regarding reopening when a claim that has previously been finally adjudicated has effectively been reconsidered at the administrative level, thus constituting a de facto reopening:
 
 
 13
 "[E]ven though the subsequent claim be the same claim for res judicata purposes, if it has nevertheless been reconsidered on the merits to any extent and at any administrative level, it is thereupon properly treated as having been, to that extent, reopened as a matter of administrative discretion.... In that event a final decision of the Secretary denying the claim is also subject to judicial review to the extent of the reopening, without regard to the expressed basis for the Secretary's denial."
 
 
 14
 Taylor ex rel. Peck v. Heckler, 738 F.2d 1112, 1115 (10th Cir.1984)(quoting McGowan v. Harris, 666 F.2d 60, 65-66 (4th Cir.1981)).
 
 
 15
 However, we noted in Taylor that when the Secretary "refuses to reopen a claim for benefits, that decision is unreviewable." Id. at 1115 n. 6; see also Brown, 912 F.2d at 1196 (finding no de facto reopening where "the Secretary expressly refused to reopen"); cf. Burks-Marshall v. Shalala, 7 F.3d 1346, 1349 (8th Cir.1993)("Since the Secretary refused to reopen the 1981 and 1982 cases, the District Court lacked jurisdiction to order such action, even if it had appeared, on the face of the evidence, that the refusal was in error.").
 
 
 16
 The ALJ here expressly declined to reopen the 1975 application. Neither we nor the district court have jurisdiction to review that decision. Moreover, we do not agree that the ALJ did reconsider the merits of the 1975 application. Though the ALJ considered medical evidence prior to the 1975 application and found Mr. Devereaux disabled prior to 1975, we believe that she did that only in connection with her assessment of disability under the 1992 application (because he had to show disability prior to December 1979) and her inquiry into whether Mr. Devereaux showed good cause for reopening the 1975 application pursuant to S.S.R. 91-5p.[5] See Passopulos v. Sullivan, 976 F.2d 642, 646 (11th Cir.1992)(ALJ must be allowed leeway in determining whether to reopen and evaluating later claim).
 
 III.
 
 17
 We next address Mr. Devereaux's contention that he raised a colorable constitutional claim that the district court had jurisdiction over and should have considered. Though unconventionally presented, the essence of Mr. Devereaux's constitutional claim as we perceive it is as follows: Application for social security benefits is subject to due process requirements, and due process requires notice and an opportunity to be heard. He was mentally incapacitated at the time his 1975 claim for benefits was denied, did not have legal assistance, and was incapable of further pursuing that claim. The notice of the denial of his claim and of the further requirements for pursuing that claim was therefore ineffective, and he was denied a meaningful opportunity to present his claim.
 
 
 18
 We agree with the district court that the evidence of Mr. Devereaux's incompetency in 1975 is insufficient to support a colorable constitutional claim. There is no contemporaneous medical evidence demonstrating mental incompetence in 1975. Mr. Devereaux's argument relies almost solely on a retrospective diagnosis by Dr. Elliot Cohen, a psychiatrist who did not begin treating Mr. Devereaux until 1991. This diagnosis at most indicates that Mr. Devereaux may have had impaired judgment at times during the mid to late 1970s, but it is too general to support Mr. Devereaux's contention that he was too incapacitated to pursue his 1975 claim.
 
 
 19
 Further, even were we to find that the evidence was sufficient to make this claim "colorable," and thus sufficient for jurisdictional purposes, we conclude that it fails on the merits. See Young v. Bowen, 858 F.2d 951, 955-56 (4th Cir.1988)(reaching merits of competency issue that had been addressed by Secretary). In determining whether there was good cause to reopen the 1975 application under S.S.R. 91-5p, the ALJ specifically addressed the question of whether Mr. Devereaux had the mental competency to administer his 1975 claim. The ALJ found that he did have the necessary competence, noting the distinction between disability from employment and incompetency to pursue a claim for benefits. Substantial evidence supports that determination. See id. at 956.[6]
 
 
 20
 The judgment of the United States District Court for the District of Colorado is AFFIRMED. Mr. Devereaux's motion for remand is DENIED.
 
 
 
 [1]
 Effective March 31, 1995, the functions of the Secretary of Health and Human Services in social security cases were transferred to the Commissioner of Social Security. P.L. No. 103-296. Pursuant to Fed. R.App. P. 43(c), Shirley S. Chater, Commissioner of Social Security, is substituted for Donna E. Shalala, Secretary of Health and Human Services, as the defendant in this action. Although we have substituted the Commissioner for the Secretary in the caption, in the text we continue to refer to the Secretary because she was the appropriate party at the time of the underlying decision
 
 
 [2]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3
 
 
 [3]
 The application was filed in either 1974 or 1975, but the Secretary's files regarding this application have been destroyed. The only remaining documents apparently are the Secretary's two denial letters dated in 1975. We therefore refer to this earlier application as the 1975 application
 
 
 [4]
 To the extent he argues in his reply brief that the Secretary's destruction of the 1975 materials raises a due process issue, we do not consider issues first raised in a reply brief. Lyons v. Jefferson Bank & Trust, 994 F.2d 716, 724 (10th Cir.1993). In any event, the argument is unpersuasive. See Gosnell v. Secretary of Health & Human Servs., 703 F.2d 216, 218-19 (6th Cir.1983)
 
 
 [5]
 Initially, the ALJ apparently believed that pursuant to 20 C.F.R. 404.988, she did not have authority to reopen the 1975 application because more than four years had passed since the denial of that application. At the beginning of the hearing, she stated that
 I won't be able to reach back to [the 1975 application]. I won't be able to find that the turning down constitutes an error such as would entitle the claimant to reopen more than four years after that denial.
 ....
 But what I'll really be focusing on is, can the claimant prove disability within the meaning of the Social Security Act, on or before his date of last insured.
 Appellant's Supp.App. at 571. Several courts have held that there can be no de facto reopening more than four years after notice of the initial determination. See Boock v. Shalala, 48 F.3d 348, 352 (8th Cir.1995); Kasey v. Sullivan, 3 F.3d 75, 79 (4th Cir.1993); Coates ex rel. Coates v. Bowen, 875 F.2d 97, 100, 102 (7th Cir.1989)(finding Secretary lacked authority to reopen claim more than four years old: "A McGowan [de facto] reopening cannot extend an ALJ's discretion beyond the scope of authority granted under the regulations since reopening is a creature of regulation.") (quotation omitted).
 The ALJ here did not rely on the four-year rule in her decision, but considered Mr. Devereaux's argument that his claim should be reopened because of alleged mental incompetency pursuant to S.S.R. 91-5p. We note that S.S.R. 91-5p states that when a claimant shows that "mental incapacity prevented him or her from timely requesting review of an adverse determination," a prior claim may be reopened "regardless of how much time has passed since the prior administrative action."
 
 
 [6]
 We disagree with Mr. Devereaux's contention that the ALJ's failure to specifically mention in her decision Dr. Cohen's retrospective diagnosis of a "low grade organic brain syndrome," Appellant's Supp.App. at 514, requires mandamus relief under 28 U.S.C. 1361. It is clear that the ALJ sufficiently considered Dr. Cohen's opinions
 We also reject Mr. Devereaux's argument that we remand the case because the record is incomplete and the Appeals Council's review could therefore not have been complete. Mr. Devereaux did not present this argument to the district court, and we generally do not consider arguments raised for the first time on appeal. Crow v. Shalala, 40 F.3d 323, 324 (10th Cir.1994). Indeed, Mr. Devereaux did not raise this argument--and apparently was not aware the record was incomplete--until after briefing on the merits of this appeal was complete. Thus, any incompleteness in the record did not affect his presentation of the arguments he properly raises.