Theresa STIEBERGER,
Plaintiff–Appellant,

v.

Kenneth S. APFEL, Commissioner, Social
Security Administration, Defendant–
Appellee.

No. 96–6315.

United States Court of Appeals,
Second Circuit.

Argued Sept. 10, 1997.

Decided Nov. 21, 1997.

Jeffrey S. Trachtman, New York City
(Daniel A. Fiore, Kramer, Levin, Naftalis &
Frankel, New York City; Christopher J.
Bowes, Center for Disability Advocacy
Rights, Inc., New York City, on the brief),
for plaintiff-appellant.

Susan D. Baird, Asst. U.S. Atty., New
York City (Mary Jo White, U.S. Atty., Gide-
on A. Schor, Asst. U.S. Atty., New York City,
on the brief), for defendant-appellee.

Before: WINTER, Chief Judge,
NEWMAN, Circuit Judge, and
CEDARBAUM,* District Judge.

JON O. NEWMAN, Circuit Judge:

This appeal, hopefully the last chapter in a
protracted social security disability litigation,
*see Stieberger v. Bowen,* 801 F.2d 29 (2d

---

* Honorable Miriam Goldman Cedarbaum, of the
United States District Court for the Southern

District of New York, sitting by designation.

Cir.1986) (vacating preliminary injunction); *Stieberger v. Sullivan*, 792 F.Supp. 1376 (S.D.N.Y.1992) (approving class action settlement), presents the issue of whether and under what standard a district court may review a disability claimant's contention that the Social Security Administration's ("SSA") notice of the denial of her disability claim was ineffective because of her mental impairment. Theresa Stieberger appeals from the August 23, 1996, judgment of the District Court for the Southern District of New York (Leonard B. Sand, Judge), dismissing her complaint pursuant to Fed.R.Civ.P. 12(b)(6). Judge Sand ruled that he lacked jurisdiction to consider her constitutional claim that she was denied due process of law because of ineffective notice. We conclude that, upon a particularized claim of mental impairment preventing comprehension of an SSA notice of administrative remedies, a district court has jurisdiction to review the agency's determination that an unrepresented claimant was not so impaired as to lack adequate comprehension, and that such review is subject to the traditional substantial evidence test. We therefore remand.

Facts

Stieberger is a 67–year–old woman with a long history of mental illness, who emigrated from Germany to the United States in 1961. She was a recipient of New York State's Aid to the Aged, Blind and Disabled until January 1974, at which time she and other recipients were transferred to the Supplemental Security Income ("SSI") program administered by the SSA. After a disability review, the SSA determined that Stieberger was not eligible for SSI benefits,[1] and sent her notice of this determination on May 6, 1974. Although plaintiff claims it is "unclear" whether she received this notice, Complaint ¶ 16, she realized that she stopped receiving benefits checks, and she went to an SSA office to complain. In May 1974, she timely filed a request for reconsideration of the denial of SSI benefits and a new application for Social Security Disability ("SSD") benefits. In June 1974, SSA denied her request for reconsideration of the denial of SSI benefits and her application for SSD benefits. Notice of the denial of SSI benefits, containing reference to appeal rights, was sent in November 1974. Appellant alleges that notice of the denial of SSD benefits was never mailed or received, Complaint ¶ 27, and that it is "unclear" whether she ever received notice of the denial of reconsideration of SSI benefits, *id.* ¶ 30.

Stieberger took no further action to obtain benefits until 1981, when she filed claims for SSI and SSD benefits. After denial of those claims, she filed a *pro se* lawsuit in the District Court in 1984, and ultimately became the named plaintiff in the *Stieberger* class action complaint, filed by counsel. The class action covered claims only from 1981 forward.[2] In 1992, the class action was settled, with two provisions pertinent to Stieberger. One provision awarded her SSD benefits retroactive to 1981. Another provision recognized SSA's obligation under Social Security Ruling ("SSR") 91–5p, 1991 WL 208067 (S.S.A. July 1, 1991), to afford her an opportunity to establish good cause for missing a deadline—in Stieberger's case, the deadline for filing an administrative appeal from the 1974 denial of benefits. Under SSR 91–5p, an Administrative Law Judge ("ALJ") determines whether a claimant's alleged mental incapacity prevented her from complying with deadlines for requests for administrative review; if so, good cause is established for extending the review period, and the merits of the claim for benefits are then considered.

As contemplated by the settlement, an ALJ considered, under SSR 91–5p, whether Stieberger had shown good cause for missing the deadline for appealing the 1974 denial,

---

1. Appellant alleges that the ineligibility determination was "entered as 'N37', which, on information and belief, is an allegation that the plaintiff failed to keep an appointment with a Social Security consultative medical examiner. Such a decision is also necessarily a decision that there is not enough evidence to make a determination." Complaint ¶ 13.

2. The settlement agreement purports to settle only claims of the class members relating to benefits terminated or denied after 1981, *see Stieberger*, 792 F.Supp. at 1377, 1389–90, and the appellee does not contend that it bars appellant's pending lawsuit for benefits for the period 1974–81.

and ruled against her. The Appeals Council declined to review the ALJ's decision,[3] but considered Stieberger's challenge as "exceptions to the decision" and agreed with the ALJ that good cause had not been shown.

Stieberger then sought relief in the District Court. Her complaint can be read to allege jurisdiction (1) to enforce the settlement agreement, (2) to issue a writ of mandamus, and (3) to adjudicate a constitutional claim. The defendant moved to dismiss pursuant to Fed.R.Civ.P. 12(b)(1) and 12(b)(6). The Court agreed that it had jurisdiction to enforce the settlement agreement, but only to ensure the SSA's good faith compliance. The Court concluded that the 91–5p hearing was conducted in good faith, and that the consent decree did not assure Stieberger anything more with regard to her claim for benefits retroactive to 1974. Mandamus jurisdiction was rejected because of the absence of any non-discretionary duty to reopen the 1974 denial of benefits.

With respect to the due process claim, the Court recognized that the denial of a request to invoke regulatory authority to reopen a final determination is not a decision to which section 205(g) of the Social Security Act, 42 U.S.C. § 405(g) (1994), provides district court jurisdiction. *See Califano v. Sanders*, 430 U.S. 99, 108, 97 S.Ct. 980, 985–86, 51 L.Ed.2d 192 (1977). The Court acknowledged that *Sanders* recognized the availability of section 205(g) jurisdiction for constitutional claims, but considered Stieberger to be seeking "simply ... another opportunity to be heard on the substance of her 1974 claims" and not to be alleging any "egregious due process violation." The complaint was ultimately dismissed pursuant to Rule 12(b)(6).

## Discussion

We agree with the District Court that Stieberger's claim concerning violation of the consent decree and her request for a writ of mandamus are without merit, but we disagree as to her constitutional claim.

In *Sanders,* the Supreme Court recognized that there could be "rare instances where the Secretary's denial of a petition to reopen is challenged on constitutional grounds." 430 U.S. at 109, 97 S.Ct. at 986. In the pending case, Stieberger's specific claim is within the category of claims contemplated by *Sanders:* a claim that the denial of reopening was unlawful because of a constitutional defect in the procedure that resulted in the denial. Though, as the District Court observed, she is ultimately seeking an opportunity to reopen the denial of her claim for benefits, she wants the Court to adjudicate only the constitutional validity of the notice that led to the denial. Thus, her claim is not similar to the plaintiff in *Sanders,* who sought district court review of the merits of the Secretary's decision not to reopen. Though that plaintiff was suffering from epilepsy, he made no claim that his condition rendered ineffective the notice sent to him.

In many, perhaps most, contexts, notice is constitutionally sufficient if it is reasonably calculated to reach and inform the person entitled to be notified, *see Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 314–15, 70 S.Ct. 652, 657–58, 94 L.Ed. 865 (1950); *Wuchter v. Pizzutti,* 276 U.S. 13, 24, 48 S.Ct. 259, 262, 72 L.Ed. 446 (1928); *Weigner v. City of New York,* 852 F.2d 646, 649 (2d Cir.1988), at least in the absence of knowledge by the party giving notice that the recipient is incompetent, *see Covey v. Town of Somers,* 351 U.S. 141, 146–47, 76 S.Ct. 724, 727–28, 100 L.Ed. 1021 (1956). However, where claimants seek disability benefits because of mental illness, several circuits have ruled that notice of administrative appellate time limits is constitutionally defective when received by a person too mentally ill to understand the notice: Third Circuit—*Penner v. Schweiker,* 701 F.2d 256, 260–61 (3d Cir. 1983); Fourth Circuit—*Young v. Bowen,* 858

---

**3.** The Appeals Council took the position that "since the Administrative Law Judge's decision was issued as a result of a court ordered review, the request for review [by the Council] was not the proper action to take." Letter from Administrative Appeals Judge to counsel for Stieberger, May 23, 1995. Though the Council's view on this point is of no consequence to our decision, we note that the Council's position was not well taken. The consent decree did not order review; it simply acknowledged Stieberger's right to whatever review was available to anyone pursuant to SSR 91–5p.

F.2d 951, 955 (4th Cir.1988);[4] Sixth Circuit—*Parker v. Califano,* 644 F.2d 1199, 1203 (6th Cir.1981); Ninth Circuit—*Evans v. Chater,* 110 F.3d 1480, 1483 (9th Cir.1997);[5] Eleventh Circuit—*Elchediak v. Heckler,* 750 F.2d 892, 894 (11th Cir.1985) (citing *Parker*); *cf. Devereaux v. Chater,* 78 F.3d 597, No. 95–1196, 1996 WL 98956 (10th Cir. Mar. 7, 1996) (mem.) (considering claim that due process had been denied by Secretary's denial of reopening after a claim of ineffective notice, and ruling (a) that claimant's evidence was insufficient to sustain claim of mental illness sufficient to render notice ineffective, and, (b) alternatively, that even if evidence sufficed to render constitutional claim colorable, Secretary's rejection was supported by substantial evidence); *contra Boock v. Shalala,* 48 F.3d 348, 352–53 (8th Cir.1995).

■ Our Circuit has not had occasion to rule on whether notice of denial of disability benefits to an unrepresented claimant who cannot comprehend it because of mental impairment is constitutionally deficient, but our decision in *Canales v. Sullivan,* 936 F.2d 755 (2d Cir.), *rehearing denied,* 947 F.2d 45 (2d Cir.1991), sheds considerable light on the matter. We there ruled that the 60–day period for seeking district court review of a denial of a disability claim on its merits could be tolled because of mental illness preventing timely appeal, and we remanded for a district court hearing as to whether the mental illness precluded a timely appeal. Though that decision involved equitable tolling as to the timeliness of a claim of which the District Court would normally have jurisdiction, *i.e.,* a merits determination by the Secretary, the

decision is significant to the pending case because it explicitly relied on the *Parker* and *Elchediak* line of cases. "While we recognize that *Elchediak* dealt with mental illness preventing a claimant from proceeding from one administrative level to another, its analysis is also apposite where a mentally impaired claimant attempts to advance from the Appeals Council to a district court." *Id.* at 758–59. *Canales* not only adopted the reasoning of *Elchediak,* but quoted that opinion's reliance on *Parker* for the rationale of the *Elchediak/Parker* holding:

[A] due process claim "seems peculiarly apropos in the context of Social Security disability benefit proceedings in which, as here, the very disability that forms all or part of the basis for which the claimant seeks benefits may deprive her of the ability to understand or act upon notice of available administrative procedures."

*Canales,* 936 F.2d at 758 (quoting *Elchediak,* 750 F.2d at 894 (quoting *Parker,* 644 F.2d at 1203)). The due process rationale of *Parker* thus became the rationale for the equitable tolling decision in *Canales.*

Recognition of a due process claim in this limited context based on notice rendered ineffective because of mental impairment poses two further issues. The first issue is how specific the claim must be to invoke the District Court's jurisdiction. Since inquiry as to the mental impairment (short of mental incompetency) of the recipient of notice is an exception to normal due process requirements for effective notice, we will permit such claims to invoke federal court jurisdiction only upon a particularized allegation of

---

4. *Young* ruled that administrative finality could not be accorded to a denial of benefits where a claimant's mental condition precluded pursuit of administrative remedies. 858 F.2d at 955 ("[T]he Secretary could not refuse to reexamine the merits of Young's earlier applications without offending due process."). *Young* applied to administrative finality the same considerations previously applied to deny application of administrative *res judicata. See Shrader v. Heckler,* 754 F.2d 142, 144 (4th Cir.1985) ("*Shrader II*"); *Shrader v. Harris,* 631 F.2d 297 (4th Cir.1980). In an unpublished opinion, the Fourth Circuit subsequently ruled that the holding of a 91–5p hearing was adequate to meet a claim of constitutionally ineffective notice, *see Long v. Chater,* 52 F.3d 321, No. 94–2343, 1995 WL 234291 (4th

Cir. Apr. 21, 1995) (mem.), even though in *Shrader II,* the Court of Appeals had examined the agency record to determine for itself whether the denial of reopening was based on substantial evidence.

5. In *Evans,* the ALJ rejected a claim for reopening on the ground of ineffective notice, ruling that the claimant had not made a sufficient showing of mental illness under SSR 91–5p to warrant a hearing. The District Court dismissed for lack of jurisdiction. The Ninth Circuit declined to affirm on the basis of lack of jurisdiction, held that a constitutional claim would be established if substantial evidence did not support the ALJ's conclusion, and then satisfied itself that such substantial evidence existed.

mental impairment plausibly of sufficient severity to impair comprehension. A claim of constitutionally defective notice, even in the context of a claim for disability benefits based on mental illness, cannot invoke federal court jurisdiction merely upon a generalized allegation, long after the fact, that the claimant was too confused to understand available administrative remedies.

■ Stieberger's complaint adequately met the heightened standard we require. She alleged mental illness at least since 1967, when she was hospitalized for eleven days for "depression with suicidal ideation." Complaint ¶ 9. She also alleged "continuous treatment [since then] for depression, neurosis, schizophrenia, and anxiety," *id.*, and a 1974 diagnosis of "Schizophrenia schizo-affective, depressed type," *id.* ¶ 12.

The second issue is what procedure and degree of review a district court should afford a disability claimant adequately alleging constitutionally defective notice. The cases recognizing a due process claim have differed in their approach to this issue. The Third Circuit, *Penner,* 701 F.2d at 261, and the Eleventh Circuit, *Elchediak,* 750 F.2d at 894, remanded the claim to the Secretary without discussing subsequent judicial review. The Sixth Circuit also remanded for an administrative determination, adding only, "Once such a determination is made, the district court will have a sufficient record before it to decide what relief, if any, is consonant with due process and the Secretary's regulatory scheme." *Parker,* 644 F.2d at 1203. The Fourth Circuit, *Shrader v. Heckler,* 754 F.2d 142, 144 (4th Cir.1985), and the Ninth Circuit, *Evans,* 110 F.3d at 1484, examined the administrative record to determine if the denial of reopening was supported by substantial evidence.

In *Sanders,* the Supreme Court noted that "[c]onstitutional questions obviously are unsuited to resolution in administrative hearing procedures and, therefore, access to the courts is essential to the decision of such questions." 430 U.S. at 109, 97 S.Ct. at 986. Though that observation could be read to mean that a district court must conduct a *de novo* hearing to determine whether mental impairment precluded the claimant's comprehension of the administrative notice of procedural rights, we think the key word in the

Court's observation is "resolution," meaning that the agency may not be permitted to make the ultimate decision in the matter. However, since appellant's constitutional claim (mental condition impairing comprehension) is so closely related to her disability benefits claim (mental condition impairing employment), we conclude that the expertise of the SSA should be enlisted to make an initial determination, subject to traditional judicial review to determine if an adverse decision is supported by substantial evidence. We intimate no views on the appropriate role, if any, of an agency with respect to any other type of constitutional claims.

Accordingly, we reverse and remand to the District Court for a determination, after affording the parties an appropriate opportunity to be heard, whether the adverse decision reached by the ALJ at the 91–5p hearing is supported by substantial evidence.