**DIAGNOSTIC CARDIOLINE MONITORING OF NEW YORK, INC.,**
Plaintiff–Appellant,

v.

Michael O. LEAVITT, in his capacity as Secretary, United States Department of Health and Human Services, Departmental Appeals Board of the Department of Health and Human Services, Office of the Inspector General, Office of Investigations of Department of Health and Human Services,

Alberto R. Gonzalez, in his Capacity as Attorney General, United States Department of Justice, Marcos Daniel Jimenez, in his capacity as United States Attorney for the southern District of Florida, United States Department of Justice, Defendants–Appellees.

No. 05–4128–CV.

United States Court of Appeals, Second Circuit.

March 17, 2006.

Wayne J. Schaefer, Certilman, Balin, Adler, & Hyman, East Meadow, New York, for Plaintiff–Appellant.

Varuni Nelson, Assistant United States Attorney, (Kathleen A. Mahoney, Assistant United States Attorney, Roslynn R. Mauskopf, United States Attorney for the Eastern District of New York, on the brief), Brooklyn, NY, for Defendants–Appellees, of counsel.

Present: RICHARD J. CARDAMONE, ROSEMARY S. POOLER, and PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED.**

Plaintiff-appellant Diagnostic Cardioline Monitoring of New York ("DCMNY") appeals from the dismissal of its complaint by the United States District Court for the Eastern District of New York (Seybert, *J.*) in favor of defendants-appellees Michael O. Leavitt, in his capacity as Secretary of Health and Human Services, et al. ("defendants"). We assume the parties' familiarity with the facts, procedural history, and specification of issues on appeal. We affirm the decision of the district court in all respects.

On appeal, DCMNY challenges the district court's dismissal of its complaint for relief under 42 U.S.C. § 405(g) and due process, but it does not challenge the district court's dismissal of the claim for mandamus relief. Claims not raised in an appellate brief are waived. *See JP Morgan Chase Bank v. Altos Hornos de Mexico,* 412 F.3d 418, 428 (2d Cir.2005). We next turn to DCMNY's Section 405(g) and due process claims and find both to be without merit.

When reviewing a district court's dismissal for lack of subject matter jurisdiction pursuant to Fed.R.Civ.P. 12(b)(1), we review factual findings for clear error and legal conclusions de novo. *Makarova v. United States,* 201 F.3d 110, 113 (2d Cir. 2000) (citing *Close v. New York,* 125 F.3d 31, 35 (2d Cir.1997)). "A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Id.* (citing Fed.R.Civ.P. 12(b)(1)). In resolving a Rule 12(b)(1) motion to dismiss, a court may look to evidence outside of the pleadings. *Id.* "A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." *Id.*

Any individual may seek judicial review under Section 405(g) "after any *final decision* of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy." 42 U.S.C. § 405(g) (emphasis added). This final-decision-after-a-hearing requirement is critical to the federal court's grant of subject matter jurisdiction over these claims. *See Weinberger v. Salfi,* 422 U.S. 749, 763–64, 95 S.Ct. 2457, 45 L.Ed.2d 522 (1975). In the absence of a final decision after a hearing, the federal court lacks subject matter jurisdiction to entertain the claim, and it must be dismissed. *See id.* at 764, 95 S.Ct. 2457.

Like the district court, we may not review DCMNY's claim that the 471 claims for benefits were improperly denied because DCMNY failed to exhaust its administrative remedies and did not receive a final decision from the Secretary as required by Section 405(g). Untimely requests for review may be dismissed, and dismissal on this basis is *not* reviewable by the federal courts because it is not a final

decision within the meaning of Section 405(g). *Dietsch v. Schweiker,* 700 F.2d 865, 867 (2d Cir.1983). Because this final-decision requirement is jurisdictional, its absence divests us of authority to review the claim on the merits. *See id.; see also Byam v. Barnhart,* 336 F.3d 172, 179–80 (2d Cir.2003). We thus must decline to do so.

DCMNY also claims due process violations stemming from an alleged inadequacy in the notice DCMNY received that its 471 claims were denied. Although we may not normally review a non-final decision, we may do so where the decision is challenged on constitutional grounds. *See Byam,* 336 F.3d at 179–80; *see also Stieberger v. Apfel,* 134 F.3d 37, 39 (2d Cir. 1997); *Califano v. Sanders,* 430 U.S. 99, 108–09, 97 S.Ct. 980, 51 L.Ed.2d 192 (1977). Thus, we may decide whether DCMNY's complaint states a claim for due process violations, and we agree that it does not.

Due process requires notice and an opportunity to be heard. "[N]otice is constitutionally sufficient if it is reasonably calculated to reach and inform the person entitled to be notified." *Stieberger,* 134 F.3d at 39. This notice must also provide all parties a meaningful opportunity to be heard. *Soberal–Perez v. Heckler,* 717 F.2d 36, 43 (2d Cir.1983). The notice must be of such a nature as is reasonable to convey the required information, and it must afford a reasonable time for those interested to make their appearance. *Id.*

DCMNY's complaint admits that DCMNY received "actual notice" of the denial of its claims from the Reisman declaration. It also received notice of the denial of its claims and of its right to appeal from the Medicare remittance notices. The Medicare remittance notices were mailed to plaintiff at its last known address and informed DCMNY of its "right to have such determination reviewed." Therefore, the notices were in conformity with 42 C.F.R. § 405.804.

Although the Medicare remittance notices may not be easily navigable for a layperson, they appear to be reasonably designed for a Medicare provider to understand. Due process does not require the best notice, only reasonable notice. *See Weigner v. New York,* 852 F.2d 646, 650–51 (2d Cir.1988) ("Even if beneficial, means of notice beyond those reasonably calculated to reach interested parties are not required by due process."). Any deficiency in notice argued by DCMNY does not rise to the level of a constitutional due process violation. We therefore have no jurisdiction to review it.

Accordingly, for the reasons set forth above, the judgment of the District Court is hereby **AFFIRMED.**