SUMMARY ORDER
Patricia A. Kreidler (“Kreidler”) appeals from a judgment, entered on January 10, 2007, dismissing her action for review of the Commissioner of Social Security’s (“the Commissioner”) denial of her motion to reopen her 1982 disability-insurance-benefits (“DIB”) application.[1] That denial was based on the Commissioner’s rejection of Kreidler’s claim that mental disabilities in 1982 and thereafter excused her twelve-year failure to seek review of the agency’s denial of benefits. See Social Security Ruling (“SSR”) 91-5p, 1991 WL 208067, at *2 (S.S.A. July 1, 1991) (allowing agency to forgive filing deadlines, “regardless of how much time has passed,” if claimant establishes that she was mentally incapable of understanding review procedures); see also 20 C.F.R. § 404.911 (delineating circumstances where claimant has shown “good cause” for missing deadlines).
On appeal from a district court decision dismissing an action for review, “we conduct a plenary review of the administrative record to determine if there is substantial evidence, considering the record as a whole, to support the Commissioner’s decision and if the correct legal standards have been applied.” Burgess v. Astrue, 537 *498 F.3d 117, 128 (2d Cir.2008) (internal quotation marks omitted); see also 42 U.S.C. § 405(g) (stating that Commissioner’s factual findings are conclusive if supported by substantial evidence). That substantial-evidence standard applies where, as here, jurisdiction is based on a particularized claim that mental disability prevented a claimant from comprehending and acting upon notice of administrative remedies. See Stieberger v. Apfel, 134 F.3d 37, 38, 41 (2d Cir.1997); see also Byam v. Barnhart, 336 F.3d 172, 184 (2d Cir.2003).
In conducting our review, we assume the parties’ familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision.
1. Substantial-Evidence Challenge
Kreidler contends that the Commissioner’s decision is not supported by substantial evidence because (1) as part of her 1994 DIB application, the Commissioner determined that Kreidler was in fact disabled due to a mental disorder as of August 20, 1975; and (2) the record revealed that Kreidler scored 66 on an IQ test, which reflected a level of diminished mental capacity consistent with her asserted dependence on others.
The argument is unconvincing. The criteria for establishing a disability and for extending a deadline are not identical. The former look, inter alia, to whether a severe impairment “significantly limit[ed]” a claimant’s ability “to do basic work activities.” 20 C.F.R. § 404.1520(c). The latter focus on whether a claimant “lacked the mental capacity to understand the procedures for requesting review.” SSR 91-5p, 1991 WL 208067, at *2 (emphasis added); see also Byam v. Barnhart, 336 F.3d at 182 (explaining that relevant due-process inquiry is whether claimant understood and was able to act upon notice of administrative remedies). The evidence relevant to each inquiry is necessarily different, as this case demonstrates. Critically, when considering Kreidler’s reopening motion, the ALJ noted that claimant, in a handwritten disability report submitted with the 1994 application, stated that she had not appealed the denial of her 1982 application because her then-husband would not let her. The ALJ further noted that Kreidler had filled out the disability report mostly, if not solely, on her own, and had indicated therein that she had graduated from high school, and worked as a nurse’s aide and as an inspector of glass products. These facts constitute substantial evidence supporting the ALJ’s determination that Kreidler was sufficiently mentally capable timely to pursue appellate-review channels, and that factors unrelated to her mental status materially contributed to her lengthy delay in failing to do so.
In light of those findings, the ALJ reasonably declined to infer from Kreidler’s IQ-test score that she was mentally incapable of timely appealing the 1982 denial. When reviewing Kreidler’s medical history, the ALJ found that emotional disorders may have affected Kreidler’s test score, and that the relevant diagnoses revealed, at most, that Kreidler had “low average intelligence — not mental retardation.” In re Patricia Kreidler, at 7 (S.S.A. Mar. 23, 1999) (decision of ALJ). In fact, the ALJ noted that, in 1996, a reviewing agency disability consultant opined that Kreidler’s IQ-test score “ ‘significantly] underestimate[d]’” her potential. Id. at 6. These record-based findings added to the evidence already substantially supporting the Commissioner’s denial of Kreidler’s reopening motion.
2. Constructive-Reopening Challenge
As a further exception to the general jurisdictional bar against reviewing *499 reopening denials, Kreidler contends that the Commissioner, by considering the evidence underlying her 1982 application, constructively reopened it. See Byam v. Barnhart, 336 F.3d at 180-81. Because Kreidler raises this argument for the first time on appeal, we decline to consider it. See Diaz v. Paterson, 547 F.3d 88, 94-95 (2d Cir.2008).
For these reasons, the judgment of the district court is AFFIRMED.

. The agency decision under review is the March 23, 1999 decision of the Administrative Law Judge ("ALJ”), which, by means of an October 25, 2003 ruling of the Social Security Administration Appeals Council, became the final decision of the Commissioner. For purposes of our decision, we will use the terms "Commissioner” and “ALJ” interchangeably.