10-1851-cv
Escalera v. Commissioner of Social Security

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 23rd day of November, two thousand eleven.

PRESENT:
> ROSEMARY S. POOLER,
> BARRINGTON D. PARKER,
> RAYMOND J. LOHIER, Jr.,
> > *Circuit Judges.*

---

Mario Escalera,

> *Plaintiff-Appellant*,

> v.                                                        10-1851-cv

Commissioner of Social Security,

> *Defendant-Appellee.*

---

FOR APPELLANT:         Mario Escalera, *pro se*, Brooklyn, NY.

FOR APPELLEE:          Varuni Nelson, Kathleen A. Mahoney, and Arthur Swerdloff, Assistant United States Attorneys, on behalf of Loretta E. Lynch, United States Attorney, Eastern District of New York.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Cogan, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Mario Escalera, proceeding *pro se*, appeals from the district court's dismissal of his Social Security action for failure to exhaust administrative remedies. We assume the parties' familiarity with the underlying facts, procedural history of the case, and issues on appeal.

In reviewing a district court's dismissal of an action for lack of subject matter jurisdiction pursuant to Rule 12(b)(1), we review factual findings for clear error and legal conclusions *de novo*. *See Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). Likewise, we review a dismissal based on failure to exhaust administrative remedies *de novo*. *See Nichols v. Prudential Ins. Co. of Am.*, 406 F.3d 98, 105 (2d Cir. 2005) (collecting cases). Pursuant to 42 U.S.C. § 405(g), an individual must obtain a "final decision of the Commissioner of Social Security" (the "Commissioner") before a district court can review a Social Security benefits determination. The requirement of a "final decision" has two components: (1) a jurisdictional, non-waivable requirement that a claim for benefits has been presented to the agency, and (2) a waivable requirement that the administrative remedies prescribed by the Commissioner have been exhausted.[1] *See Bowen v. City of N.Y.*, 476 U.S. 467, 483 (1986); *Mathews v. Eldridge*, 424 U.S. 319, 328 (1976).

The Social Security Act does not define the term "final decision," but it empowers the Commissioner to set out the procedures for obtaining a final decision. *See* 42 U.S.C.

---

[1] Although the district court based its dismissal on a lack of subject matter jurisdiction, the failure to exhaust is a waivable (i.e., non-jurisdictional) requirement under Section 405(g). *See Bowen*, 476 U.S. at 483. Dismissal may not have been appropriate under Rule 12(b)(1), and as the Commissioner's motion involved consideration of matters outside the pleadings, dismissal would have been improper under Rule 12(b)(6). *See Friedl v. City of N.Y.*, 210 F.3d 79, 83 (2d Cir. 2000). Nevertheless, since Escalera had "unequivocal" notice that the Commissioner's motion might be treated as one for summary judgment and of the nature and consequences of summary judgment, as well as an opportunity to present opposing evidence (of which he took advantage), the district court's judgment was appropriate even if treated as a grant of summary judgment pursuant to Rule 56. *Hernandez v. Coffey*, 582 F.3d 303, 307–08 (2d Cir. 2009) ("*[P]ro se* parties must have 'unequivocal' notice of the meaning and consequences of conversion to summary judgment."); *see also Cost v. Soc. Sec. Admin.*, 770 F. Supp. 2d 45, 49 (D.D.C. 2011) (converting motion to dismiss for failure to exhaust administration remedies in Social Security case to a motion for summary judgment).

2

§ 405(a); *Weinberger v. Salfi*, 422 U.S. 749, 766 (1975). In turn, the Commissioner has devised a four-step process by which a claimant must exhaust administrative remedies before proceeding to federal court. First, a claimant files an application for benefits and receives an initial determination. 20 C.F.R. § 404.902. Second, if a claimant is dissatisfied with the initial determination, he may seek reconsideration by filing a written request within 60 days. 20 C.F.R. §§ 404.907, 404.909(a)(1). The reconsideration determination is binding unless a claimant requests a hearing before an administrative law judge ("ALJ") within 60 days of receiving notice of the reconsideration determination. 20 C.F.R. §§ 404.921(a), 404.933(b)(1). If the claimant is dissatisfied with the ALJ's hearing decision, he may request review by the Appeals Council within 60 days of receiving notice of the hearing decision. 20 C.F.R. §§ 404.967, 404.968(a)(1). A claimant may seek an extension of time of any of these deadlines by showing good cause. *See* 20 C.F.R. §§ 404.909(b), 404.933(c), 404.968(b). The Appeals Council's decision is considered final, and a claimant may seek judicial review of that decision in district court. *See Califano v. Sanders*, 430 U.S. 99, 101–02 (1977); 20 C.F.R. § 404.981.

It is undisputed that Escalera presented his claim to the agency, satisfying section 405(g)'s jurisdictional requirement. However, as the district court correctly found, he failed to exhaust his administrative remedies, given that he did not request reconsideration of the agency's initial May 2002 determination within 60 days, in writing.

"Ordinarily, the [Commissioner] has discretion to decide when to waive the exhaustion requirement. But . . . 'cases may arise where a claimant's interest in having a particular issue resolved promptly is so great that deference to the agency's judgment is inappropriate.'" *Bowen*, 476 U.S. at 483 (quoting *Eldridge*, 424 U.S. at 330); *see also Bastek v. Fed. Crop Ins. Corp.*, 145 F.3d 90, 93 (2d Cir. 1998) ("In general, exhaustion of administrative remedies is the rule, and waiver the exception[.]"). "[A] plaintiff's failure to exhaust administrative remedies can be excused if (1) the claim is collateral to a demand for benefits, (2) exhaustion would be futile, or (3) requiring exhaustion would result in irreparable harm." *Skubel v. Fuoroli*, 113 F.3d 330, 334 (2d Cir. 1997). Exhaustion issues are resolved by "balancing the competing considerations to arrive at a just result." *State of N.Y. v. Sullivan*, 906 F.2d 910, 918 (2d Cir. 1990).

Escalera's claim is not collateral to his demand for benefits, as it involves a demand for benefits and investigation into his wage earnings. Although he contends that the agency has engaged in a faulty investigation, he has not shown that exhaustion would be futile. A final agency decision and developed written record would ensure a more complete review in federal court. Additionally, he is currently receiving benefits and has not shown that "the harm suffered in the interim would be irreparable in the sense that no *post hoc* relief would be adequate." *Smith v. Schweiker*, 709 F.2d 777, 780 (2d Cir. 1983). To the extent Escalera thought that in-person objections at the agency's Brooklyn office would satisfy the appeals process, nothing indicates that the agency had misled him to believe as much; its notices plainly stated that he had to make his request in writing, within 60 days. Moreover, his failure to exhaust cannot be excused based on the terminology used in his congressional representative's 2008 letter, as the letter came years after he had received the agency's initial determination.

3

Insofar as Escalera sought mandamus relief in the district court based on the agency's decision not to credit him for several years he had allegedly worked and its alleged failure to search for records, he did not prove that "no other adequate remedy" (i.e., completing the administrative process) was available. *Benzman v. Whitman*, 523 F.3d 119, 132–33 (2d Cir. 2008). Moreover, insofar as he seeks mandamus relief on appeal based on the agency's alleged failure to respond to his requests following the district court's dismissal, or claims for the first time on appeal that the Commissioner's actions constitute a violation of due process, we decline to consider such issues. *See Singleton v. Wulff*, 428 U.S. 106, 120 (1976).

Our decision is, of course, without prejudice to any future action by Escalera challenging the Commissioner's course of action. The Commissioner has indicated that Escalera's request for reconsideration is currently being considered, and, if denied, his next step would be to request an ALJ hearing.

For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk