17-4117-cv
*George Johnson v. Commissioner of Social Security Administration*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 31st day of August, two thousand eighteen.

PRESENT:    PETER W. HALL,
            RAYMOND J. LOHIER, JR.,
                    *Circuit Judges.*
            JANE A. RESTANI,
                    *Judge.\**

------------------------------------------------------------------------
George Johnson,

               *Plaintiff-Appellant*,

          v.                            No. 17-4117-cv

Nancy A. Berryhill, Acting Commissioner of Social Security Administration,

               *Defendant-Appellee.†*
------------------------------------------------------------------------

For Appellant:              Craig A. Jarvis, Jarvis & Modun, LLP, Burlington, Vermont

For Appellee:               James Desir, Special Assistant United States Attorney *for* Christina E. Nolan, United States Attorney for the District of

---

\* Jane A. Restani, Judge for the United States Court of International Trade, sitting by designation.

† The Clerk of Court is requested to amend the caption to conform to the above.

Vermont, Stephen P. Conte, Regional Chief Counsel, Region II Office of the General Counsel, Social Security Administration.

Appeal from a judgment of the United States District Court for the District of Vermont (Conroy, *M.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment entered on October 25, 2017 is **AFFIRMED**.

Plaintiff-Appellant George Johnson appeals from a judgment of the United States District Court for the District of Vermont (Conroy, *M.J.*) dismissing Johnson's complaint for lack of subject matter jurisdiction and denying Johnson's motion to remand his claim to Defendant-Appellee Nancy A. Berryhill, Acting Commissioner of Social Security Administration, for further proceedings.

Our review arises from an unusual procedural history which began in 2011 when Johnson first filed an application for disability insurance benefits (DIB) with the Social Security Administration.   Following a hearing on the denial of Johnson's application, the agency issued a "Partially Favorable" Notice of Decision in 2012, concluding that Johnson was not entitled to benefits because he was not disabled at any time through the date he was last insured.   Johnson neglected to file a timely appeal of the agency's 2012 decision, and instead he filed a new DIB application in 2015 relying on the same facts and medical issues as presented in his prior application.   That second application was denied in 2016.   Johnson requested a hearing on the denial, which the agency dismissed under the doctrine of *res judicata*.   Johnson then filed a complaint in federal court seeking reversal of the agency's decision.   In it he asked the district court either to find that he was entitled to DIB or to remand the claim for further agency proceedings.

2

The district court granted the Commissioner's motion to dismiss Johnson's complaint for lack of subject matter jurisdiction, holding that neither the agency's 2012 nor 2016 decisions on Johnson's DIB applications constituted judicially reviewable "final" decisions within the meaning of 42 U.S.C. § 405(g). Johnson argues that he has overcome the district court's jurisdictional bar by alleging a colorable due process claim. The district court disagreed, holding that the agency's 2012 Notice of Decision was accurate and adequately apprised Johnson of his administrative remedies, and thus it was not constitutionally deficient. Johnson's appeal asserts a host of purported errors with the district court's analysis of the sufficiency of the agency's 2012 Notice of Decision and argues that the district court erred in failing to consider the entire administrative record or conduct a good-cause hearing before dismissing his due process claim.

We review *de novo* the legal conclusions in a district court's dismissal for lack of subject matter jurisdiction; we review factual findings for clear error. *Liranzo v. United States*, 690 F.3d 78, 84 (2d Cir. 2012). We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

For substantially the same reasons stated in the district court's October 25, 2017 order, we affirm the judgment of the district court. *Johnson v. Comm'r of Soc. Sec.*, No. 2:17-CV-41-JMC, 2017 WL 4857562 (D. Vt. Oct. 25, 2017).

Johnson relies principally on a series of cases from outside this circuit to argue that the agency's 2012 Notice of Decision was constitutionally defective. In many of these cases courts found that the notice at issue failed to apprise the claimant of the *res judicata* consequences of abandoning his or her action. *See Gonzalez v. Sullivan*, 914 F.2d 1197, 1203 (9th Cir. 1990); *Aponte v. Sullivan*, 823 F. Supp. 277, 282 (E.D. Pa. 1993); *Christopher v. Sec'y of Health &*

3

*Human Servs.*, 702 F. Supp. 41, 42-43 (N.D.N.Y. 1989); *Butland v. Bowen*, 673 F. Supp. 638, 640 (D. Mass. 1987); *Dealy v. Heckler*, 616 F. Supp. 880, 884 (W.D. Mo. 1984). This defect is not present here; the 2012 Notice of Decision from the Administrative Law Judge expressly stated that "[i]f you do not appeal and the Appeals Council does not review my decision on its own, my decision will become final. A final decision can be changed only under special circumstances. You will not have the right to Federal court review." Appellant's App. at 23. That same notice also explains that filing a new application is not the same as an appeal, and that the filing of a new application could result in the loss of some benefits or a denial of the new application if it was based on the same facts and issues as those that had just been ruled on. Appellant's App. at 24. As the district court properly found, the agency's 2012 Notice of Decision was neither materially inaccurate nor materially misleading. *Cf. Escalera v. Comm'r of Soc. Sec.*, 457 F. App'x 4, 7 (2d Cir. 2011) (where notice plainly stated claimant was required to make his request for reconsideration in writing within 60 days, notice was not misleading so as to excuse failure to exhaust administrative remedies).

To the extent that Johnson argues that the district court erred in looking to the administrative record to resolve factual issues against him, the district court was entitled to go beyond the pleadings on a motion to dismiss for lack of subject matter jurisdiction. *See, e.g.*, *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). And even applying the standard in Fed. R. Civ. P. 12(b)(6) to the issue of whether Johnson sufficiently pled a plausible due process claim, the district court was entitled to consider both materials incorporated by reference in the complaint as well as "document[s] 'integral' to the complaint,'" i.e., those that the complaint relies

4

upon "heavily" in "terms and effect," such as the ALJ's decision, on a motion to dismiss. *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010) (internal quotation marks omitted).[1]

We have considered Johnson's remaining arguments and find them to be without merit. We **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[1] To the extent Johnson challenges the district court's finding that he did not allege a significant mental impairment that would give rise to a due process claim, we agree with the district court that Johnson's complaint lacks any sufficiently particularized allegations of a severe mental condition that plausibly impaired Johnson's comprehension at the time of the 2012 decision. *Stieberger v. Apfel*, 134 F.3d 37, 40-41 (2d Cir. 1997). Under *Stieberger*, it is only *after* a claimant satisfies this heightened pleading standard that he may receive a hearing on his due process claim in the district court. *See id*. at 41.