**Slip Op. 06-25**

**UNITED STATES COURT OF INTERNATIONAL TRADE**

|  |  |
|---|---|
| LADY KELLY, INC., | |
| Plaintiff, | Before:  Richard W. Goldberg, Senior Judge |
| v. | |
| UNITED STATES SECRETARY OF AGRICULTURE, | Court No. 05-00480 |
| Defendant. | |

**OPINION**

[Defendant's motion to dismiss is denied.  Defendant's motion for judgment on the agency record under USCIT R. 56.1 is granted.]

Dated:  February 24, 2006

R. Michael Patrick, for plaintiff Lady Kelly, Inc.

Peter D. Keisler, Assistant Attorney General; David M. Cohen, Director, Patricia M. McCarthy, Assistant Director, Commercial Litigation Branch, Civil Division, U.S. Department of Justice (Michael James Dierberg), for defendant United States Secretary of Agriculture.

**GOLDBERG, Senior Judge**: Defendant United States Secretary of Agriculture ("**Defendant**" or "**USDA**") moves the Court to dismiss Plaintiff Lady Kelly, Inc.'s ("**Plaintiff**") complaint, under USCIT R. 12(b)(5), for failure to state a claim upon which relief may be granted.  Defendant also moves in the alternative for judgment on the agency record under USCIT R. 56.1.  For the reasons that follow, Defendant's motion to dismiss is denied,

and Defendant's motion for judgment on the agency record is granted.

## I.    BACKGROUND

Plaintiff is a corporation engaged in the shrimping business in Georgia.  The Foreign Agriculture Service of the USDA recertified a petition for trade adjustment assistance ("**TAA**") filed by the Georgia Shrimp Association ("**GSA**") on behalf of Georgia shrimpers for the fiscal year 2005.  See Trade Adjustment Assistance for Farmers, 69 Fed. Reg. 68,303 (Dep't of Agric. Nov. 24, 2004).  The effective date of the recertification was November 29, 2004.  See id.  The notice was promptly published in the Federal Register, and instructed potential applicants that "[s]hrimpers who land their catch in Georgia will be eligible to apply for fiscal year 2005 benefits during a 90-day period beginning on November 29, 2004.  The application period closes on February 28, 2005."  Id.

Plaintiff filed an application that was received by the USDA's Wayne County Farm Service Agency office on June 9, 2005, more than 180 days after the date of recertification.  On July 21, 2005, Defendant informed Plaintiff that its application for benefits had been denied because it failed to file within the statutorily prescribed ninety-day window, which had expired on February 28, 2005.  On August 17, 2005, Plaintiff commenced proceedings in this Court, invoking the Court's jurisdiction

under 28 U.S.C. § 1581(d), and contending that the application was in fact mailed on January 8, 2005, in light of which the Court should equitably toll the ninety-day window.

Plaintiff asserts that it mailed a completed application on January 8, 2005, one day after it received the application form from GSA. Plaintiff further alleges that in March 2005, its owner contacted the relevant Farm Service Agency county office to inquire about the status of its application. Plaintiff has also introduced evidence in the form of a photocopied envelope, with a handwritten note documenting the mailing date of the alleged January 8, 2005 application.[1]

On November 4, 2005, Defendant filed a motion to dismiss, or, in the alternative, for judgment based on the agency record under USCIT R. 56.1. Both motions draw on the same facts to bolster the case for dismissal or entry of judgment on the agency record, respectively: namely, Defendant denied Plaintiff access to TAA benefits because Plaintiff's application was late, and Plaintiff had not adduced sufficient evidence to demonstrate that equitable tolling was appropriate. Plaintiff insists that it is entitled to equitable relief in this case. The Court has

---

[1] The envelope at issue is addressed from GSA to Stewart Sadler, Plaintiff's shareholder. The Court presumes that the envelope contained GSA's notification to Plaintiff of the recertification, as well as an application form. Plaintiff did not introduce a copy of the envelope it used to mail its application to the USDA.

jurisdiction over the claim under 19 U.S.C. § 2395(a).[2] Accord

Ingman v. U.S. Dep't of Agric., 29 CIT ___, ___, Slip Op. 05-119

at 5-7 (Sept. 2, 2005).

## II.  DISCUSSION

Defendant moves the Court to dismiss for failure to state a

claim upon which relief may be granted, and for judgment on the

agency record.  The Court will address each defense separately.

## A.    Failure to State a Claim

In ruling on a motion to dismiss for failure to state a

claim, a court reviews the sufficiency of the complaint,

assuming all alleged facts to be true, and drawing all factual

inferences in the plaintiff's failure, to determine if any set

of circumstances would entitle the plaintiff to the relief it

---

[2]  Plaintiff's invocation of 28 U.S.C. § 1581(d) is misplaced.
That section grants the U.S. Court of International Trade
("**CIT**") jurisdiction of disputes over certain plaintiffs'
"eligibility" for TAA benefits.  See 28 U.S.C. § 1581(d)(1)-(3)
(1999).  Notably, 28 U.S.C. § 1581(d) does not mention
"agricultural commodity producers," a recently created class of
beneficiaries that includes Plaintiff.  Rather, "agricultural
commodity producers" may challenge the USDA's eligibility
determination by recourse to 19 U.S.C. § 2395(a), which allows
such plaintiffs to challenge a "determination of the Secretary
of Agriculture under section 2401b of this title[.]"  19 U.S.C.
§ 2395(a) (2005).  Congress added the language in that statute
dealing with agricultural commodity producers when it passed the
Trade Act of 2002, see Pub. L. 107-210, 116 Stat. 933, 953
(2002).  Therefore, the CIT has subject matter jurisdiction over
USDA TAA cases under 19 U.S.C. § 2395, despite the absence of a
corollary amendment to 28 U.S.C. § 1581(d) giving the CIT
jurisdiction over eligibility disputes brought by agricultural
commodity plaintiffs.

seeks.  See Scheuer v. Rhodes 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984); Adams v. United States, 391 F.3d 1212, 1218 (Fed. Cir. 2004); Amoco Oil Co. v. United States, 23 CIT 613, 613, 63 F. Supp. 2d 1332, 1334-35 (1999).

Defendant's argument has two interdependent prongs: first, Plaintiff did not file its application within the ninety-day window provided by 19 U.S.C. § 2401e(a)(1); and second, the complaint fails to state a claim for equitable tolling.  The first prong is uncontroversial.  Plaintiff does not dispute that Defendant first received the TAA application on June 9, 2005. Since eligibility for the adjustment assistance disbursed pursuant to 19 U.S.C. § 2401e is conditioned on an "adversely affected agricultural commodity producer" filing a TAA application within ninety days of the date of certification, see 19 U.S.C. § 2401e(a)(1), Plaintiff's application was received more than three months after the statutory ninety-day period had passed, and was untimely.

The second prong, however, is contested.  Equitable tolling, which allows courts to disregard non-compliance with statutes of limitations or deadlines under certain circumstances where equity demands, is presumptively available with respect to statutes of limitations for filing suits against the government. See Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 95-96

(1990). Congress may at any time choose to preclude equitable tolling with respect to a statute, and render the statutory terms of its waiver of sovereign immunity exhaustive, but in such a case a defendant government agency must adduce evidence that such Congressional intent existed in order to rebut the presumption of availability. See United States v. Brockamp, 519 U.S. 347, 350 (1997) (examining "Irwin's negatively phrased question: Is there good reason to believe that Congress did not want the equitable tolling doctrine to apply?"); Irwin, 498 U.S. at 95.

Defendant has produced no such evidence. Previous court decisions have repeatedly allowed equitable tolling in TAA cases. See, e.g., Former Employees of Sonoco Prods. Co. v. Chao, 372 F.3d 1291, 1296-98 (Fed. Cir. 2004) (holding sixty-day time limit for filing suit in labor TAA cases may be equitably tolled); Former Employees of Quality Fabricating, Inc. v. U.S. Sec. of Labor, 27 CIT ___, ___, 259 F. Supp. 2d 1282, 1285-86 (2003) (equitably tolling the statute of limitations in TAA case where Department of Labor made misrepresentations to plaintiff about how she was to obtain notice of final determination); Former Employees of Siemens Info. Comm. Networks, Inc. v. Herman, 24 CIT 1201, 1208, 120 F. Supp. 2d. 1107, 1113 (2000) ("Finally, the relevant legislative history fails to disclose any intent on the part of Congress to prohibit equitable

tolling.  Indeed, the remedial purpose of the trade adjustment assistance program supports the conclusion that equitable tolling is available in this context.") (citation omitted).

The Court notes that the precise issue in this case is one of first impression in the CIT.  No court has ruled on whether equitable tolling is available with respect to an applicant's failure to comply with 19 U.S.C. § 2401e(a)(1)'s ninety-day statutory deadline.  The previous cases have all addressed the availability of equitable tolling in instances where plaintiffs have failed to commence a case in the CIT within sixty days of the reviewable determination as required by 19 U.S.C. § 2395(a).  See 19 U.S.C. § 2395(a) (2005) ("[A plaintiff] may, within sixty days after notice of such determination, commence a civil action in the United States Court of International Trade for review of such determination.").  However, the Court sees no reason why this distinction should occasion a different application of the equitable tolling standards.  The language and structure of 19 U.S.C. § 2401e are not suggestive of any Congressional intent to limit the equitable tolling doctrine.  Statutes of limitations that are not susceptible to equitable tolling, such as 19 U.S.C. § 1514, are characterized by forceful language that reinforces the exclusionary properties of the limitation.  See, e.g., U.S. JVC Corp. v. United States, 22 CIT 687, 694-95, 15 F. Supp. 2d 906, 913-14 (1998) (holding equitable tolling of 19 U.S.C. §

1514's ninety-day statute of limitations was inappropriate because that statute provided that absent protests, decisions by Customs Service were "final and conclusive").  Section 2401e, by contrast, contains no such language.

Moreover, the doctrine of equitable tolling is not limited to cases where a party fails to commence a timely case before courts.  Administrative deadlines, like statutes of limitations, are susceptible to equitable tolling.  See, e.g., Mahmood v. Gonzalez, 427 F.3d 248, 251 (3d Cir. 2005) (8 U.S.C. § 1229a's deadline for filing a motion to reopen with an immigration judge is subject to equitable tolling); Commc'ns Vending Corp. of Arizona, Inc. v. FCC, 365 F.3d 1064, 1075 (D.C. Cir. 2004) (47 U.S.C. § 415(a)'s two-year deadline for certain actions before the Federal Communications Commission may be equitably tolled); Currier v. Radio Free Europe/Radio Liberty, Inc., 159 F.3d 1363, 1367-68 (D.C. Cir. 1998) (42 U.S.C. § 2000e-5(e)(1)'s requirement that a plaintiff file an administrative complaint with Equal Employment Opportunity Commission within 180 days of alleged unlawful practice may be equitably tolled).

Finally, Defendant seems to agree that equitable tolling is at least available in such a case; its motion to dismiss never impugns its discretion to toll the ninety-day window, and instead focuses on whether exercising such discretion in this case would have been appropriate.  As such, the Court holds that

equitable tolling of the ninety-day statutory deadline contained in 19 U.S.C. § 2401e(a)(1) is available in appropriate circumstances.

Whereas equitable tolling is <u>available</u> with respect to the TAA program, it is only <u>granted</u> sparingly out of deference to Congress' decision to establish a deadline in the first place. The exception must not swallow the rule, even in the TAA context where Congress has erected an administrative regime to disburse benefits to a class of sympathetic plaintiffs with relatively little sophistication in matters of federal litigation.

As a general matter, equitable tolling is available only where a plaintiff "has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or when the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass." <u>Irwin</u>, 498 U.S. at 96. In other words, equitable tolling may be appropriate where a plaintiff has "exercise[d] due diligence in preserving his legal rights." <u>Id.</u>; <u>see also</u> <u>Brandenburg v. Principi</u>, 371 F.3d 1362, 1364 (Fed. Cir. 2004). Representative examples of a plaintiff's due diligence include the timely filing of a correct complaint in the wrong court, <u>see</u> <u>Burnett v. N.Y. Cent. R.R. Co.</u>, 380 U.S. 424, 429-30 (1965), or the filing of a defective notice of appeal, <u>see</u> <u>Santana-Venegas v. Principi</u>, 314 F.3d 1293, 1298 (Fed. Cir. 2002).

Here, Plaintiff alleges that it mailed a completed application on January 8, 2005, one day after it received the application form from GSA. Plaintiff has also introduced evidence to that effect. Plaintiff further alleges that in March 2005, its representative contacted the relevant Farm Service Agency county office to inquire about its application.

Assuming all Plaintiff's allegations as true, and drawing all favorable inferences from those facts, the Court finds that Plaintiff has stated a claim upon which relief may be granted. If a plaintiff may be entitled to equitable tolling when it files a defective pleading, or when it inappropriately files a motion for federal relief in state court, it would be inequitable to erect an insuperable bar to such relief in cases where a plaintiff addresses the correct forms to the correct recipient, mails them, but, through no fault of plaintiff's, the forms never arrive. Defendant's motion to dismiss must therefore be denied.

**B.    Judgment on the Agency Record**

As noted above, this case presents an equitable tolling issue of first impression. Here, the relevant statutory deadline limits applicants' access to TAA benefits, and has nothing to do with a plaintiff's ability to obtain judicial review. The deadline operates at the agency level. As such, the USDA has already considered the evidence in favor of

equitable tolling at the agency level.  The Court's jurisdiction under 19 U.S.C. § 2395 is limited to judicial review of the "determination" that Plaintiff had filed its application out of time, and that equitable tolling was not appropriate in this case.

In a TAA proceeding, this Court will uphold the USDA's factual findings that are supported by "substantial evidence." See 19 U.S.C. § 2395(b) (2005).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Consol. Edison Co. v. NLRB, 305 U.S. 197, 229 (1938).  Because the USDA's decision not to toll the statutory deadline appears to have rested on its determination that Plaintiff did not exercise due diligence in pursuing its rights, the challenged "determination," 19 U.S.C. § 2395(a), is a "factual finding" that will be upheld if "substantial evidence" underlies it, id. § 2395(b).  See Former Employees of Siemens, 24 CIT at 1208, 120 F. Supp. 2d at 1114 ("Whether a plaintiff has acted with due diligence is a fact-specific inquiry, guided by reference to the hypothetical reasonable person."); cf. Commn'cs Vending Corp., 365 F.3d at 1075 (D.C. Circuit upholding the Federal Communications Commission determination not to equitably toll 47 U.S.C. § 415(a) because agency's finding that plaintiff had not exercised due diligence was supported by substantial evidence).

In this case, the absence of any compelling evidence that Plaintiff pursued its rights with due diligence led to the USDA's factual finding that equitable tolling was inappropriate. The Court is unable to say that the existence of a photocopy of an envelope with handwritten annotations relating to the crucial events in this action[3] is sufficiently forceful evidence as to place the USDA's conclusion outside the boundaries of reasonableness. If Plaintiff had shown the USDA a certified mail receipt or registered mail receipt, the Court's conclusions would likely be different. However, the USDA acts well within the bounds of reasonableness when it refuses to equitably toll a statutory deadline on the basis of a self-serving photocopy that an applicant presents. Indeed, to rule otherwise would open a loophole in the TAA regime whereby any applicant that allows the ninety-day time period to lapse could, provided it produces a similar photocopied envelope, obtain access to guaranteed benefits at a later date. The current ruling recognizes that postal errors do, on occasion, occur, but also encourages future

---

[3] After surveying Plaintiff's summons, complaint, and response to Defendant's motions, it is unclear whether Plaintiff ever presented the envelope to the USDA personnel reviewing the untimely application. If the USDA never saw the envelope, then it was not part of the agency record that the Court is currently reviewing. Because it makes no difference to the ultimate disposition of the Rule 56.1 motion, the Court will assume such evidence was available to the USDA personnel, and explain why even with such evidence, the USDA's actions are unassailable on judicial review.

applicants to document those errors by sending their applications via certified or registered mail.  Defendant's motion for judgment on the agency record is granted.

### III.  <u>CONCLUSIONS</u>

For the foregoing reasons, Defendant's motion to dismiss is denied, and Defendant's motion for judgment on the agency record is granted.  An order will be issued dismissing Plaintiff's case.

<u>/s/ Richard W. Goldberg</u>
**Richard W. Goldberg**
**Senior Judge**


**Date:       February 24, 2006**
**            New York, NY**