**Slip Op. 06-150**

**UNITED STATES COURT OF INTERNATIONAL TRADE**

```
- - - - - - - - - - - - - - - - - x
KYONG TRUONG,                      :
                                   :
              Plaintiff,           :
                                   :
         v.                        :    Before: Pogue, Judge
                                   :    Ct. No. 05-00419
UNITED STATES SEC'Y OF             :
AGRICULTURE,                       :
                                   :
              Defendant.           :
                                   :
- - - - - - - - - - - - - - - - - x
```

[Remanded for consideration of Plaintiff's claim for equitable tolling; Defendant's motion to dismiss denied.]

Dated: October 12 ,2006

Williams Mullen (Jimmie V. Reyna and Francisco J. Orellana) for Plaintiff;[1]

Peter D. Keisler, Assistant Attorney General; David M. Cohen, Director, Patricia McCarthy, Assistant Director, Commercial Litigation Branch, Civil Division, U.S. Department of Justice (Elizabeth Thomas, Trial Attorney) for Defendant United States Secretary of Agriculture.

**MEMORANDUM OPINION**

**Pogue, Judge:**  On November 30, 2004, the Secretary of Agriculture (hereinafter, "the Secretary" or "the government") recertified Texas shrimpers for trade adjustment assistance under the Trade Adjustment Assistance Reform Act of 2002, Pub. L. 107-210, Title 1, Subtitle C, § 141, 116 Stat. 933, 946  (2002), as codified 19 U.S.C. § 2401(e) (West Supp. 2005).   See Trade Adjustment

---

[1]The court would like to express its appreciation to Williams Mullen for representing plaintiff pro bono.

Assistance for Farmers, 69 Fed. Reg. 69,582, 69,582 (USDA Nov. 30, 2004) (notice). From the date of this notice, the Trade Act of 2002 required eligible shrimpers to file an application by February 28, 2005 to qualify for benefits. See id. See generally 19 U.S.C. § 2401e(a)(1); 7 C.F.R. § 1580.301(b); 7 C.F.R. § 1580.102. Plaintiff, Kyong Truong, filed for benefits on March 21, 2005 – some 21 days after the deadline. Citing the untimeliness of her application, the United States Department of Agriculture's Farm Service Agency ("FSA"), on May 3, 2005, denied Mrs. Truong's application.

Mrs. Truong brought suit before the court claiming that the FSA did not properly provide her notice of the recertification of benefits as required under 19 U.S.C. § 2401d. Therefore, Mrs. Truong contends that the filing deadline should be equitably tolled. Mrs. Truong did not raise an adequacy of notice defense before the FSA. As such, the FSA has not had an opportunity to consider this claim.

Before the court are Mrs. Truong's motion for judgment on the agency record and the government's motion to dismiss. For the reasons set forth below the court remands this matter to the FSA to consider Mrs. Truong's claim for equitable tolling and denies the government's motion to dismiss.

## DISCUSSION

The court must uphold the Secretary's determination unless it

is unsupported by substantial evidence on the record or otherwise

not in accordance with law.  See 19 U.S.C. § 2395(b).[2]  See Lady

Kelly, Inc. v. U.S. Sec'y of Agric., 30 CIT ___, ___, 427 F. Supp.

2d 1171, 1176 (2006).  There is no exception from this rule when

reviewing an agency decision not to equitably toll its deadline.

See id.; see also Mahmood v. Gonzales, 427 F.3d 248, 252-53 (3rd

Cir. 2005); Singh v. Gonzales, 416 F.3d 1006, 1015 (9th Cir. 2005);

Sprint Commcn's Co. v. FCC, 76 F.3d 1221, 1226 (D.C. Cir. 1996);

Hill v. U.S. Dep't of Labor, 65 F.3d 1331, 1339 (6th Cir. 1995).

Cf. Johnston v. Office of Pers. Mgmt., 413 F.3d 1339, 1343 (Fed.

Cir. 2005) (holding that, under a theory of waiver, whether

claimant received sufficient notice so as to excuse a late filing

must be resolved by the agency).  Accordingly, where, as here, the

agency has not had the opportunity to consider a question, the

court's review is limited.  See generally INS v. Ventura, 537 U.S.

12, 16 (2002) ("Generally speaking, a court of appeals should

---

[2]That provision provides:

> The findings of fact by the Secretary of Labor, the
> Secretary of Commerce, or the Secretary of Agriculture,
> as the case may be, if supported by substantial evidence,
> shall be conclusive; but the court, for good cause shown,
> may remand the case to such Secretary to take further
> evidence, and such Secretary may thereupon make new or
> modified findings of fact and may modify his previous
> action, and shall certify to the court the record of the
> further proceedings.  Such new or modified findings of
> fact shall likewise be conclusive if supported by
> substantial evidence.

remand a case to an agency for decision of a matter that statutes place primarily in agency hands."). The court may only resolve the matter itself if "the outcome is clear as a matter of law." Mahmood, 427 F.3d at 253.

In accordance with the court's prior decisions, the government has conceded (for purposes of this motion) that the deadline specified in 19 U.S.C. § 2401e is subject to equitable tolling. See Lady Kelly, Inc., 30 CIT at ___, 427 F. Supp. 2d at 1175; Ingman v. U.S. Sec'y of Agric., 29 CIT ___, ___, Slip Op. 05-119 at 11 (Sept. 2, 2005).[3] Nevertheless, the government claims that Mrs.

---

[3] The government claims that there exists tension between the Court of Appeals for the Federal Circuit's decisions in Autoalliance Int'l, Inc. v. United States, 357 F.3d 1290, 1294 (Fed. Cir. 2004) (rejecting tolling of 2636(a) because "[i]n suits against the United States, jurisdictional statutory requirements cannot be waived or subjected to excuse or remedy based on equitable principles." (quoting Mitsubishi Elecs. Am, Inc. v. United States, 18 CIT 929, 932, 865 F. Supp. 877, 880 (1994)), and Former Employees of Sonoco Prods. Co. v Chao, 372 F.3d 1291, 1298 (Fed Cir. 2004) (finding claims for equitable tolling valid under 2636(d), although ultimately finding the claim unmeritorious). The Federal Circuit adheres to the rule that a prior precedent governs unless and until it is overturned en banc or by the Supreme Court. See, e.g., El-Shifa Pharm. Indus. Co. v. United States, 378 F.3d 1346, 1352 (Fed. Cir. 2004). As such, even though the language in Autoalliance Int'l appears clearly irreconcilable with Irwin v. Dep't of Veterans Affairs, 498 U.S. 89 (1990), because Autoalliance Int'l was decided prior to Former Employees of Sonoco Prods Co., it must prevail. With that said, it is not clear to the court that the cited language from Autoalliance Int'l was intended to sweep so broadly. Moreover, Autoalliance Int'l involved a plaintiff missing the court's filing deadline; in contrast, Mrs. Truong missed the agency's filing deadline. Only the former could implicate the court's subject matter jurisdiction. See Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 393-94 (1984)

(continued...)

Truong's assertion of equitable tolling is insufficient as a matter of law and fact.

## A. EXHAUSTION

Before proceeding with the substantive analysis, the court must decide the threshold issue of exhaustion.  Here, Mrs. Truong is contesting a final determination of the FSA denying benefits; as noted above, this determination is reviewable under 19 U.S.C. § 2395(a).

However, besides timely contesting a reviewable determination, the court's founding statute also requires that "[i]n any civil action not specified in this section, the Court of International Trade shall, <u>where appropriate</u>, require the <u>exhaustion of administrative remedies</u>."  28 U.S.C. § 2637(d) (2000) (emphasis added).[4]  This exhaustion requirement mandates that "courts should

---

[3](...continued)
(distinguishing agency filing deadlines from jurisdictional deadlines and noting that the former was subject to "waiver, estoppel, and equitable tolling"). Because even a broad reading of <u>Autoalliance Int'l</u> would not apply to non-jurisdictional statutory requirements, the court finds equitable tolling permissible under <u>Irwin v. Dep't of Veterans Affairs</u>, 498 U.S. 89, 95 (1990).

[4]The FSA has not challenged this requirement here. Therefore, unless construed as a jurisdictional requirement, this claim may be waived.  <u>See</u> <u>United States v. Priority Prods., Inc.</u>, 793 F.2d 296, 300 (Fed. Cir. 1986) ("Exhaustion of administrative remedies is not strictly speaking a jurisdictional requirement and hence the court may waive that requirement and reach the merits of the complaint."); <u>cf.</u> <u>Mathews v. Eldridge</u>, 424 U.S.
(continued...)

not topple over administrative decisions unless the administrative body not only has erred, <u>but has erred against the objection made at the time appropriate under its practice</u>.  <u>Woodford v. Ngo</u>, 548 U.S. ___, No. 05-416, Slip Op. at 8 (June 22, 2006) (quoting <u>United States v. L.A. Tucker Truck Lines, Inc.</u>, 344 U.S. 33, 37 (1952)) (emphasis in original).   This "requir[es] proper exhaustion of administrative remedies, which 'means using all steps that the agency holds out, and doing so <u>properly</u> (so that the agency addresses the issues on the merits.)'" <u>Woodford</u>, Slip Op. at 8 (quoting <u>Pozo v. McCaughtry</u>, 286 F.3d 1022, 1024 (7th Cir. 2002)) (emphasis in original).

Although the equitable tolling claim was not presented to the FSA, the FSA has not demonstrated that it has a procedure to consider such claims.  Indeed, neither its application form nor its regulations specify means of asserting an equitable tolling claim.[5] <u>See Ingman</u>, 29 CIT at ___, Slip Op. 05-119 at 8.  As such, Mrs. Truong has properly exhausted all the steps the agency held out. <u>Id.</u> at 8.

---

[4](...continued)
319, 330 (1976) (finding that a statutory exhaustion requirement was waiveable).  Nonetheless, *assuming for the purposes of argument only* that this inquiry is jurisdictional in nature, <u>cf. Ingman</u>, 29 CIT at ___, Slip Op. 05-119 at 7 n.3, the court raises this issue <u>sua sponte</u>.

[5] This is not to say, however, that the agency could not invoke it's regulation at 7 C.F.R. §1580.501 to consider Ms. Truong's claim.

Because the court finds that Mrs. Truong timely contested a determination by the FSA within the meaning of 19 U.S.C. § 2395, and that she properly exhausted available administrative remedies, the court may consider Mrs. Truong's claim.

## B. ADEQUACY OF LEGAL CLAIM FOR EQUITABLE TOLLING

Mrs. Truong alleges that the Secretary (a) failed to mail notice of benefits and (b) failed to adequately publish the availability thereof in a local newspaper. Therefore, Mrs. Truong claims, the deadline should be tolled. The FSA argues that, even assuming the FSA did not provide Mrs. Truong notice of the availability of benefits, Mrs. Truong's complaint does not sufficiently allege a basis for equitable tolling. The court disagrees.

The United States Supreme Court defined the legal contours of equitable tolling claims against the government in <u>Irwin v. Dep't of Veterans Affairs</u>, 498 U.S. 89, 95-96 (1990). Rejecting the notion that the U.S. government is exempt from equitable tolling defenses, the Court held that "[o]nce Congress has made such a waiver [of sovereign immunity], we think that making the rule of equitable tolling applicable to suits against the Government, <u>in the same way that it is applicable to private suits</u>, amounts to little, if any, broadening of the congressional waiver." <u>Id.</u> at 95 (emphasis added). In private suits, the Court continued:

> Federal courts have typically extended equitable relief only sparingly. We have allowed equitable tolling in situations where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass. We have generally been much less forgiving in receiving late filings where the claimant failed to exercise due diligence in preserving his legal rights. Baldwin County Welcome Center v. Brown, 466 U.S. 147, 151 (1984).

Id. at 96. In this discussion, the Court cited Baldwin County Welcome Ctr. v. Brown which, itself, provided further examples of where equitable tolling may be granted.[6] Within that list, the Baldwin Court mentioned cases where "a claimant has received inadequate notice[.]" Baldwin County Welcome Ctr., 466 U.S. at 151. For this proposition the Court cited the Ninth Circuit's decision in Gates v. Georgia-Pac. Corp., 492 F.2d 292 (9th Cir. 1974).

In Gates, the appellee failed to timely appeal a decision of the Equal Employment Opportunity Commission ("Commission"). Gates, 492 F.2d at 295. The Commission's regulations required the Commission to inform interested parties of its decision and to notify the aggrieved party that he or she had 30 days to contest that determination in a district court. Although the Commission

---

[6]Contrary to the FSA's averments, the two examples listed in Irwin are not the exclusive grounds on which equitable tolling may be claimed. See Young v. United States, 535 U.S. 43, 50 (2002) ("We have acknowledged, however, that tolling might be appropriate in other cases" than those recited in Irwin) (citing Baldwin County Welcome Ctr., 466 U.S. at 151).

informed the appellee "that the Commission was closing her case for lack of jurisdiction, it did not advise [her] that she could commence an action in the District Court within 30 days." Id. The Gates court found that because "of the Commission's error, appellee was confused and, under the circumstances, acted with all the diligence and promptness which could be expected." Id. Consequently, the Ninth Circuit sustained appellee's equitable tolling claim.

This line of analysis is similar to decisions of the Court of Appeals for the Federal Circuit excepting claimants from filing deadlines (albeit not necessarily relying on the doctrine of equitable tolling). See, e.g., Johnston, 413 F.3d at 1343 (finding tolling appropriate under a theory of waiver); Brush v. Office of Pers. Mgmt., 982 F.2d 1554, 1560-61 (Fed. Cir. 1992)(same). See also Decca Hospitality Furnishings, LLC v. United States, 29 CIT ___, 391 F. Supp. 2d 1298 (2005) (finding that an agency cannot impose a deadline for which it does not adequately inform parties). In all these cases courts have concluded that a failure of an agency to provide notice as required by its governing statutes or regulations tolled a filing deadline.

That these equitable principles should be applied here is evidenced by the intent behind the Trade Adjustment Assistance Reform Act of 2002. Cf. Burnett v. N.Y. Cent. R.R. Co., 380 U.S. 424, 427 (1965) ("the basic inquiry is whether congressional

purpose is effectuated by tolling the statute of limitations in a given circumstance."). Specifically, 19 U.S.C. § 2401d provides:

> (b) Notice of benefits.
>     (1) In general. The Secretary shall mail written notice of the benefits available under this chapter [19 U.S.C. §§ 2401 et seq.] to each agricultural commodity producer that the Secretary has reason to believe is covered by a certification made under this chapter [19 U.S.C. §§ 2401 et seq.].
>     (2) Other notice. The Secretary shall publish notice of the benefits available under this chapter [19 U.S.C. §§ 2401 et seq.] to agricultural commodity producers that are covered by each certification made under this chapter [19 U.S.C. §§ 2401 et seq.] in newspapers of general circulation in the areas in which such producers reside.

Section 2401d expresses a Congressional determination that agriculture commodity producers need assistance in learning about their eligibility for benefits above that which would otherwise be required. See S. Rep. 107-134 ("Section 296 requires the Secretary of Agriculture to make outreach efforts in order to assure that eligible agricultural producers are given an opportunity to apply for and receive benefits under this title."). Cf. 19 U.S.C. § 2401b(b) (requiring publication of certification in the Federal Register); accord Guangzhou Maria Yee Furnishings, Ltd. v. United States, 29 CIT ___, 412 F. Supp. 2d 1301, 1306 (2005) (finding that agency regulations requiring notice could not be ignored because those requirements furthered substantial interests). This protection would be rendered nugatory if the court were to find that a failure to provide notice was insufficient to toll the filing deadline.

To be sure, equitable tolling is not available any time a party fails to receive notice that is due. See, e.g., Irwin, 498 U.S. at 95-96 (rejecting such a claim); Ingman, 29 CIT at ___, Slip Op. 05-119 at 11 (dismissing equitable tolling claim where lack of notice was not attributed to agency error); cf. Jones v. Flowers, 546 U.S. ___, No. 04-1477, Slip Op. at 9 (2006) (the adequacy of "a particular notice procedure is assessed ex ante, not post hoc"); Dusenbery v. United States, 534 U.S. 161, 170 (2002) (noting that actual receipt of notice is not necessary to satisfy Due Process). Rather, "[e]quitable tolling focuses primarily on the plaintiff's excusable ignorance of the limitations period." Lehman v. United States, 154 F.3d 1010, 1016 (9th Cir. 1998)(emphasis in original); accord Cada v. Baxter Healthcare Corp., 920 F.2d 446, 451 (7th Cir. 1990) (Posner, J.). Nonetheless, where, as here, the Defendant has an obligation to provide Plaintiff notice of the existence of his or her claim, and has failed to do so, equitable tolling may be appropriate. Accord Former Employees of Sonoco Prods. Co., 372 F.3d at 1299-1300 ("Appellants cannot now blame Fail's late filing on a government agency that was unaware of Fail's intention to appeal or of her need to be made aware of the decision in a timely manner.").

The court is also satisfied that Mrs. Truong has alleged the requisite level of diligence. Whether premised on (1) radiations from the Due Process Clause of the United States Constitution, see e.g., Stieberger v. Apfel, 134 F.3d 37, 40 (2d Cir. 1997); cf.

Vargas-Garcia v. INS, 287 F.3d 882, 886 (9th Cir. 2002); (2) the fact that statutory or regulatory notice requirements evidence a legislative judgment regarding what may be reasonably expected or required of claimants, see e.g., Johnston, 413 F.3d at 1342; Guangzhou Maria Yee Furnishings, Ltd., 29 CIT at ___, 412 F. Supp. 2d at 1306; or (3) the understanding that claimants may reasonably rely on agencies to discharge their duties, see, e.g., City of New York v. N.Y., N. H. & Hartford R. Co., 344 U.S. 293, 297 (1953); Decca Hospitality Furnishings, LLC, 29 CIT at ___, 391 F. Supp. 2d at 1314-16, courts have generally found excusable ignorance results where a defendant fails to provide the plaintiff proper notice of his or her claim, see, e.g., Griffin v. Rogers, 399 F.3d 626, 637 (6th Cir. 2005) (holding tolling applied where claimant provided inadequate notice); Veltri v. Bldg. Serv. 32B-J Pension Fund, 393 F.3d 318, 325-26 (2d Cir. 2004) (finding inadequate notice tolled deadline where party did not have actual notice of the deadline); Gates, 492 F.2d at 292. Accord Jones, 546 U.S. at ___, No. 04-1477, Slip Op. at 11 (rejecting inquiry notice defense); Decca Hospitality Furnishings, LLC, 29 CIT at ___, 391 F. Supp. 2d at 1314-16 (same).[7] If the FSA has failed to properly discharge its

---

[7]The FSA has not alleged any prejudice to itself as a result of Mrs. Truong's late filing. Cf. Baldwin County Welcome Center, 466 U.S. at 152 ("[a]lthough absence of prejudice is a factor to be considered in determining whether the doctrine of equitable tolling should apply once a factor that might justify such tolling is identified, it is not an independent basis for

(continued...)

statutory duty, then it is certainly understandable why a person would remain justifiably ignorant of his or her claim.

Therefore, as alleged, the court finds that Mrs. Truong does state a case for equitable tolling.

## B) INSUFFICIENCY OF FACTUAL CLAIM

The government argues that, even assuming the above analysis, Mrs. Truong has failed to satisfy her burden in showing the propriety of equitable tolling. Specifically, the government contends that (a) the FSA did comply with section 2401d by sending Mrs. Truong a letter informing her of the recertification, (b) that she had actual notice of the recertification, and (c) that she failed to allege due diligence after receiving actual notice. The record, however, is silent regarding any factual findings by the agency on these questions. As these questions are, at the very least, mixed questions of law and fact, the court will not weigh in on these questions without first ascertaining the FSA's views. Cf. Johnston, 413 F.3d at 1343 (remanding to agency for further fact-finding on whether notice was provided); Bayer v. U.S. Dep't of Treasury, 956 F.2d 330, 333-35 (D.C. Cir. 1992) (same).

## CONCLUSION

For the foregoing reasons, the court remands this matter for

---

[7](...continued)
invoking the doctrine. . . .").

further consideration consistent with this opinion.  The government shall have until November 13, 2006, to provide a remand determination.  Plaintiff shall submit comments on the government's remand determination no later than December 4, 2006, and the government shall submit rebuttal comments no later than December 26, 2006. The government's motion to dismiss is denied.

SO ORDERED.

Dated:    October 12, 2006
          New York, N.Y.


                                         /s/ Donald C. Pogue
                                        Donald C. Pogue, Judge